Leon N. SKRIPCHUK, Appellant
below, Appellant,

v.

Robert K. AUSTIN, President of the
Board of Education of the Stanton
School District, James A. Brabson, Vice-
President of the Board of Education of
the Stanton School District, John E.
Guillotte, Joseph E. Reardon and Ellen
W. Thompson, members of the Board of
Education of the Stanton School Dis-
trict, Appellees.

Superior Court of Delaware,
New Castle.

Submitted Aug. 23, 1977.

Decided Oct. 17, 1977.

Clifford B. Hearn, Jr., of Balick & Hearn,
Wilmington, for appellant.

B. Wilson Redfearn of Tybout & Redf-
earn, Wilmington, for appellees.

BALICK, Judge.

This is an appeal from a school board's
decision to terminate the services of a certi-
fied teacher for immorality. 14 *Del.C.*
Chapter 14.

The board's action is based on the appel-
lant's conviction of the following criminal
offenses: felonious restraint and aggrava-
ted assault, theft by unlawful taking (re-
duced from robbery), and violation of the
Uniform Firearms Act.

■ The appellant's first contention is
that the statute listing immorality as one of
the reasons for which a board of education
may terminate the services of a certified
teacher is unconstitutionally vague. 11 *Del.
C.* § 1404.

A similar statute was declared void by a
federal district court, but the result does
not follow from the United States Supreme
Court cases cited as authority. *Burton v.
Cascade School District Union High School
No. 5*, D.Or., 353 F.Supp. 254 (1973). The
statute under consideration in this case is
not a penal statute. See *Connally v. Gener-
al Construction Co.*, 269 U.S. 385, 46 S.Ct.
126, 70 L.Ed. 322 (1926); *United States v.
Reese*, 92 U.S. 214, 23 L.Ed. 563 (1875).
Nor is it a civil statute whose mere exist-
ence is likely to deter the exercise of consti-
tutional rights. See *Cramp v. Board of
Public Instruction of Orange County, Flori-*

*da*, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961); *Keyishian v. Board of Regents of New York*, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967).

Chapter 14 of Title 14 delegates power to school boards to terminate certified teachers for immorality or other specific reasons. The state has a legitimate interest in enacting this kind of statute. Although there might be disagreement about the meaning of "immorality" in some cases, by the very nature of the term, which refers to the common mores of society, one would expect broad agreement in most cases. Moreover, the term will be construed in the context in which it appears in this chapter to refer to such immorality as may reasonably be found to impair the teacher's effectiveness by reason of his unfitness or otherwise. *Morrison v. State Board of Education*, 1 Cal.3d 214, 82 Cal.Rptr. 175, 461 P.2d 375 (1969); *Weissman v. Board of Education of Jefferson County School District*, Colo., 547 P.2d 1267 (1976). The statutory provisions for notice, hearing, and judicial review protect certified teachers from arbitrary termination or infringement of their constitutional rights.

■ The appellant's second contention is that the board's decision is not supported by substantial evidence. 14 *Del.C.* § 1414.

In addition to the certified transcript showing the convictions, the board heard the testimony of the 23 year old victim, who described the incident, which occurred on November 2, 1974 in Pennsylvania, as follows: she had just returned to her car in the parking lot of a food market at about 9:15 p. m. when the defendant got in with a gun and locked the door; she screamed and the appellant said, "Shut up or I'll kill you;" she started to cry and he said, "There's no need to be afraid, just do what I tell you and you won't get hurt;" he asked her age, told her to try to relax, and said that he just wanted to talk with her; he was stroking the side of her head and holding the gun barrel at her neck; he told her to turn off the car; he then put a baby food jar on the dashboard and told her that it was going to make her relax; he took off the lid

and there was an odor and her eyes started stinging; he kept trying to force a cloth with the liquid over her mouth and nose; she screamed and struggled; while in a semi-conscious state, she heard the keys being taken from the ignition of the car, something being done with her pocketbook, and the car doors being opened; she was able to unlock the door and get free; the appellant fled.

The appellant's position is that there is no evidence that his effectiveness as a teacher will be impaired. He completed the school year while these charges were pending and was named outstanding industrial arts teacher in the State for that year. This incident is the only blemish in his career of more than twenty years as a high school teacher.

He testified that unusual personal pressures led to these irrational actions and that he has since gained insight that will enable him to better handle similar pressures in the future. The opinion of a social worker and psychologist who have counseled the appellant since the incident is that it is most unlikely that anything similar will happen again. Many of the appellant's former administrators, colleagues, and students testified in his support.

Although they were aware of the pending charges, the responsible administrators allowed the appellant to complete the school year. He was not terminated until he entered pleas of guilty on July 29, 1975. They did this not only because of the presumption of innocence but also because they did not consider him dangerous and very few people were aware of the incident until the guilty pleas were entered and articles appeared on the front page of the local newspapers.

The appellant's actions were unquestionably immoral. Unlike other reported cases, there is no claim here that the appellant's conduct falls within constitutionally protected areas, such as speech or privacy. Although reasonable persons might differ, it was the conscientious judgment of the principal, the assistant superintendent, and the superintendent that the convictions would

make parents fearful and would impair the appellant's effectiveness as a teacher, particularly in the areas of guidance and discipline. The board's decision to terminate the appellant on this evidence was not arbitrary and must be affirmed as a reasonable exercise of its delegated discretionary power to terminate a certified teacher for immorality.

Counsel may present an order.