Argued and submitted January 28, reversed and remanded October 5, reconsideration denied November 25, 1983, petition for review denied January 24, 1984 (296 Or 351)

# In the Matter of the Dismissal of Richard Shipley.

## SHIPLEY,
*Respondent,*

*v.*

## SALEM SCHOOL DISTRICT 24J,
*Petitioner.*

(FDA 81-24; CA A24952)

669 P2d 1172

William G. Paulus, Salem, argued the cause for petitioner. With him on the brief was Paulus & Callaghan, Salem.

Robert Durham, Eugene, argued the cause for respondent. On the brief were Jennifer Friesen and Kulongoski, Heid, Durham & Drummonds, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Salem School District 24J (district) appeals from an order of the Fair Dismissal Appeals Board (FDAB) reversing the district's dismissal of respondent and reinstating him as a permanent teacher of the district. We reverse and remand.

The superintendent of the district sent a notice of dismissal under ORS 342.895(2) to respondent, who taught at a middle school. The notice informed him that the superintendent intended to recommend to the Salem School Board (board) that he be dismissed on two statutory grounds: immorality, ORS 342.865(1)(b), and gross unfitness, ORS 342.865(1)(i) and 342.175(1)(c). After a hearing, the board dismissed respondent, who then appealed to FDAB, which granted respondent's motion for summary reversal on the ground that the notice of dismissal did not meet the requirements of ORS 342.895(2).

The notice stated, in part:

"The facts relied on to support the statutory grounds for dismissal involve allegations by [the child] that you assaulted and battered him as described in a civil action filed against you * * * a copy of the fourth amended complaint in that case being hereto attached and by this reference incorporated herein. On or about October 2, 1981, the jury, after hearing testimony and evidence of the parties during a trial of those issues, found in favor of the [child] and judgment is to be entered against you in the sum of $2,500 on account of [the child's] general damages and $1,350 for his special damages.

"Because the trial jury determined that you were, by a preponderance of the evidence, culpable of one or more of the said allegations, I have no alternative but to take this action."

The complaint incorporated in the notice alleged that, during a five-month period in 1978, respondent assaulted and battered a 12-year-old child on 12 separate occasions. One of the incidents alleged in the complaint was that respondent put his hands under the boy's clothing and rubbed his body. The other 11 episodes all involved respondent's touching the boy's genitals or forcing him to touch respondent's genitals. The child did not attend the school where respondent taught, and none of the acts was alleged to have occurred at school.

ORS 342.895(2) prescribes the required contents of a notice of dismissal:

"* * * The notice shall set forth the statutory grounds upon which the superintendent believes such dismissal is justified, and shall contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal. * * *"

Respondent argued that the notice was deficient and that he was entitled to summary reversal of his dismissal, because the notice did not inform him of facts sufficient to support the statutory grounds cited. FDAB ruled:

"* * * We will dismiss this case, based on our belief that the current notice of the intent to dismiss is inadequate.

"The parties, through their respective counsel, agreed that there must be a nexus between the facts charged and the teacher's duties and responsibilities as a teacher, yet the notice of dismissal does not set forth any facts tending to show this relationship. We take it a plain, concise statement means statements of charges with sufficient clarity as to give notice to the teacher of what he has been charged with and how those charges relate to his duties and responsibilities as a teacher in the district."

■ The parties' agreement that, in order to dismiss respondent for "gross unfitness" or "immorality," the school district must find that the teacher's acts or omissions have a bearing on his ability to discharge his teaching duties, is supported by the vast weight of contemporary judicial decisions and sound statutory construction.[1] Further, other than "gross unfitness" and "immorality," the statutory grounds for dismissal in ORS 342.865 and 342.175, by their nature, are limited to conduct which is connected to the teacher's teaching

---

[1] Courts have held that that nexus is required for teacher dismissals, even though the statutes involved did not expressly require it. *Morrison v. State Board of Education,* 1 Cal3d 214, 82 Cal Rptr 175, 461 P2d 375 (1969); *Weissman v. Board of Ed. of Jefferson Cty. Sch. Dist.,* 190 Colo 414, 547 P2d 1267 (1976); *Thomson v. Southwest Sch. Dist.,* 483 F Supp 1170 (WD Mo 1980); *Kilpatrick v. Wright,* 43 F Supp 397 (MD Ala 1977); *Skripchuck v. Austin,* 379 A2d 1142 (Del Super Ct 1977); *Erb v. Iowa State Board of Public Instruction,* 216 NW2d 339 (Iowa 1974); *In Re Grossman,* 127 NJ Super 13, 316 A2d 39 (1974); *Jarvella v. Willoughby-Eastlake City Sch. Dist.,* 12 Ohio Misc 288, 233 NE2d 143 (1967); *Central York School Dist. v. Ehrhart,* 36 Pa Commw 278, 387 A2d 1006 (1978); *Board of Regents v. Martine,* 607 SW 2d 638 (Tex Civ App 1980); *see Denton v. South Kitsap School District Number 402,* 10 Wash App 69, 516 P2d 1080 (1973).

responsibilities. We conclude that the legislature intended that conduct constituting "gross unfitness" and "immorality" also be so limited.

Although the parties agree that the district must find that a teacher's acts or omissions affect the ability to carry out teaching responsibilities, the district contends that the nexus need not be specifically set out in the notice, so long as it may reasonably be inferred.

The first issue is whether FDAB erred in ruling that ORS 342.895(2) requires that the notice of dismissal inform the teacher of the nexus between the acts or omissions and the duties and responsibilities of a teacher. Under the Fair Dismissal Law, ORS 342.805 to 342.955, the notice of dismissal serves to inform the teacher of the facts the board will consider when deciding whether to dismiss the teacher under ORS 342.895(1). If the teacher appeals the dismissal, FDAB holds a contested case hearing to determine whether the facts relied on to support dismissal are true and substantiated and whether those facts and other facts developed at the hearing are adequate to support the statutory grounds cited. ORS 342.905; *Ross v. Springfield School Dist. No. 19,* 294 Or 357, 657 P2d 188 (1982).

ORS 342.895(2) does not expressly require proof of the nexus, but it requires a "statement of facts relied on to support the statutory grounds." Adequate notice must contain a sufficiently detailed statement to inform the teacher of the allegations and charges so that the teacher can prepare an adequate defense. *Cf. Campbell v. Bd. of Medical Examiners,* 16 Or App 381, 386-88, 518 P2d 1042 (1973), *rev den* (1974) (notice of grounds for denial of a license to practice medicine). From the statutory requirement that the notice contain a plain and concise statement of the facts relied on to support the statutory grounds for dismissal and our conclusion that to dismiss a teacher the district must find a connection between the teacher's conduct and his ability to function effectively as a teacher, it follows that superintendents may not, in the notice, merely set out the facts claimed to constitute "gross unfitness" or "immorality" without informing the teacher how the acts or omissions are claimed to affect his ability to perform as a teacher. To inform the teacher of the facts and charges against him so that he can prepare an adequate defense, the notice of

dismissal must contain a statement of facts which expressly sets out the nexus between the teacher's conduct and his teaching responsibilities or from which such a connection may obviously be inferred.

■        We turn to whether the notice here contained a sufficient statement of facts. The parties disagree about the effect of the following statement in the notice:

> "The facts relied on to support the statutory grounds for dismissal involve allegations by [the child] that you assaulted and battered him as described in a civil action filed against you * * * a copy of the fourth amended complaint in that case being hereto attached and by this reference incorporated herein."

The district argues that this informed respondent that the superintendent was relying on the 12 instances of alleged wrongdoing set out in the complaint as facts supporting dismissal. Respondent argues that the term "involve" shows that the superintendent was not relying on all 12 episodes and that the remainder of the notice shows that he was relying only on the facts found by the jury. Respondent argues that it is impossible to tell from the verdict what facts the jury found, because the complaint contained allegations of sexual and nonsexual contact, the court instructed the jury on both assault and battery and the jury returned a general verdict without special findings.

We conclude that the notice is sufficient to inform respondent of the allegations and charges so that he could prepare an adequate defense. The notice informed him of the acts constituting "gross unfitness" and "immorality": 12 instances of battery, 11 of which involved offensive sexual contact, with a student in the district where respondent taught, who was the same approximate age as respondent's students. Although the notice did not expressly set out the connection between respondent's acts and his teaching responsibilities, we conclude that the nexus may obviously be inferred.

FDAB erred in concluding that the notice was insufficient under ORS 342.895(2) and in reversing the dismissal and ordering respondent's reinstatement.[2]

Reversed and remanded for further proceedings.

---

[2] We express no opinion on the merits of respondent's dismissal or the truth of the 12 allegations in the complaint. We decide only that the notice of dismissal was sufficient under ORS 342.895(2).