Central York School District, Petitioner *v.* Burnell E. Ehrhart, Respondent.

Argued February 3, 1978, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Richard C. Snelbaker*, with him *Snelbaker, Mc-Caleb & Elicker*, for appellant.

*Gerald E. Ruth*, for appellee.

OPINION BY JUDGE BLATT, June 23, 1978:

The Central York School District (District) ap-appeals here from an order of the Secretary of Education sustaining the appeal of Burnell E. Ehrhart, a professional employe, who was dismissed by the District's Board of Directors on grounds of immorality.

The facts of the incident which resulted in Ehrhart's dismissal are not in dispute. He had been employed as an elementary school teacher by the District for a period of eighteen years, and on January 15, 1976, he was engaged in his teaching duties as a sixth grade classroom teacher in one of the District's elementary schools. On that date, during a recess period outside the classroom, Ehrhart overheard several children in his class using slang terms with specific sexual connotations. He said nothing to the children at this point, but about an hour later,[1] during a period scheduled for Social Studies, he told the class that he had overheard several members of the class during recess using words which he disapproved of and which he believed they did not understand. He then instructed the class, which consisted of children of both sexes predominantly between the ages of eleven and twelve, to copy down the words which he would dictate and to supply definitions if they could. He then dictated the words which he had overheard the children using in the playground. At this point, several of the children volunteered similar words which he included on the list to be defined by the children, thus expanding the list to seventeen words. He collected the papers at the end of the period not having defined the words involved in the exercise. Complaints about the episode by the children's parents led the District to

---

[1] The record indicates that not all of the children in Ehrhart's class were present in the same class in the period following recess.

charge Ehrhart with immorality as provided in Section 1122 of the Public School Code of 1949 (Code),[2] 24 P.S. §11-1122. Following five hearings at which extensive evidence was presented, the District's Board of Directors (Board) dismissed him on grounds of immorality. The Secretary of Education (Secretary) sustained Ehrhart's appeal and reinstated him. This appeal followed.

Our scope of review of an adjudication by the Secretary of Education is limited to a determination of whether or not the Secretary abused his discretion or committed an error of law. *Department of Education v. Great Valley School District,* 23 Pa. Commonwealth Ct. 423, 427, 352 A.2d 252, 254 (1976). The District argues here that: (1) the Secretary applied the wrong standard in determining whether or not the exercise offended the morals of the community and (2) the Secretary committed an error of law in concluding that Ehrhart was not guilty of immorality.

Section 1122 of the Code provides that immorality is a valid cause for the termination of the services of a professional school employe. Immorality as used in Section 1122 has been judicially defined as "a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and elevate." *Horosko v. Mount Pleasant Township School District,* 335 Pa. 369, 372, 6 A.2d 866, 868, *cert. denied,* 308 U.S. 553 (1939); *Penn-Delco School District v. Urso,* 33 Pa. Commonwealth Ct. 501, 510, 382 A.2d 162, 167 (1978). In reaching his conclusion that Ehrhart's conduct was not immorality, the Secretary rejected the Board's finding that the incident offended the morals of the community, noting that there was no unanimity among

---

[2] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

the witnesses on this point. The District argues that the Secretary thus committed error.

We have previously held that a school board's finding that a professional employe was guilty of offending the moral standards of the community by his actions would not be disturbed on appeal if supported by substantial evidence. *Baker v. School District of City of Allentown,* 29 Pa. Commonwealth Ct. 453, 456, 371 A.2d 1028, 1029 (1977). We have, therefore, carefully examined the extensive record in this case and we believe that the Board's finding that the community's morals were offended by the incident is amply supported. We have held, of course, that an administrative decision is supported by substantial evidence when a reasonable man, acting reasonably, would have reached the same decision, *A. P. Weaver & Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 505, 284 A.2d 515, 518 (1971), and the testimony on this point, although not unanimous, was sufficient to support the Board's decision.

While the Board's conclusion that the incident offended the morals of the community is supported by the record, however, we do not believe that this alone was sufficient cause for the dismissal of Ehrhart. Conduct properly defined as immoral under the Code has two components: (1) it must offend the community morals and (2) be a bad example to the youth whose ideals a teacher is supposed to foster and elevate. *Horosko, supra.* We believe the second component to be absent in the present case. Ehrhart's testimony is uncontradicted that he prefaced the exercise with a statement disapproving the use of the words, and there is no evidence in the record that any of Ehrhart's conduct could be interpreted as an encouragement to the children to use these words. The discussion of sexual topics in schools is a controversial sub-

ject and Ehrhart may not have shown the best of judgment in confronting the problem of the children's language in the manner that he did. We do not believe, however, that his efforts to discourage the use of sexually explicit slang by children in his class amounted to immorality as that term is intended to be understood in the School Code.

The order of the Secretary is affirmed.

ORDER

AND Now, this 23rd days of June, 1978, the order of the Secretary of Education reinstating Burnell E. Ehrhart as a professional employe of the Central York School District is hereby affirmed.