Ruth Lesley, Petitioner *v.* Oxford Area School District, Respondent.

Submitted on briefs September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Alexander A. DiSanti*, of *Richard, Brian, DiSanti & Hamilton*, for petitioner.

*R. Samuel McMichael*, with him *Winifred Moran Sebastian*, and *C. Richard Morton*, for respondent.

OPINION BY JUDGE ROGERS, October 1, 1980:

Ruth Lesley has appealed from an order of the Secretary of Education (Secretary) affirming the decision of the Board of School Directors of the Oxford Area School District (Board) dismissing Mrs. Lesley as a school teacher on the ground of immorality. *See* Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122.

The facts are not disputed. On May 24, 1974, Mrs. Lesley, a professional employee of the Oxford Area School District, was observed in the act of, and admitted, shoplifting at a local supermarket. The School Board, hearing of the incident, conducted a hearing on charges of incompetency and immorality against Mrs. Lesley, after which it dismissed her. Upon appeal by Mrs. Lesley, the Secretary reversed the Board's decision on procedural grounds and ordered Mrs. Lesley reinstated. On the Board's appeal to this court, we held that the Secretary had correctly decided that the hearing was procedurally defective but that the proper remedy was not reinstatement but the

provision of a new hearing properly conducted. We ordered the matter remanded for such a hearing. *Department of Education v. Oxford Area School District*, 24 Pa. Commonwealth Ct. 421, 356 A.2d 857 (1976).

The Board conducted a new hearing, after which it again dismissed Mrs. Lesley for incompetence and immorality. Mrs. Lesley appealed to the Secretary who found that there was no evidence to support the charge of incompetence but that the charge of immorality had been made out and that Mrs. Lesley's dismissal was therefore proper. This appeal followed.

Mrs. Lesley first contends that she was denied due process at the Board hearing because her counsel was denied access to the entire contents of a personnel file which happened to be in the possession of the school superintendent while the superintendent testified. While this argument seems not to have been raised below and for this reason we are not required to address it (*See, e.g., Commonwealth v. DeMuro*, 24 Pa. Commonwealth Ct. 480, 482, 357 A.2d 270, 271 (1976)), we will address it briefly. On direct examination the superintendent related how knowledge of Mrs. Lesley's conduct at the supermarket had come to his attention, described a conversation he had with Mrs. Lesley after the event about the possibility of her resigning and, without objection, expressed his opinion that a teacher who has shoplifted is not competent to teach. On cross-examination, Mrs. Lesley's counsel asked the superintendent whether he had Mrs. Lesley's "records or reports, evaluation reports." The superintendent answered "I have them, yes" and then "what is it specifically that you want?" Mrs. Lesley's lawyer then said that he would like to have the "entire folder." The superintendent then said that there was material in the folder "that does not pertain to anything that you could possibly ask." The superintendent then offered to and did supply all of Mrs.

Lesley's evaluation records and Mrs. Lesley's counsel used these in an extended examination of the superintendent on this subject. In short, these records and the superintendent's testimony showed that Mrs. Lesley had been in every respect an entirely satisfactory teacher prior to the date of the shoplifting incident. Mrs. Lesley's lawyer did not ask the Board (which was being advised by able independent counsel) to require the superintendent to turn over the entire folder and never again mentioned the other materials which may have been in the superintendent's folder. The Board therefore certainly did not withhold anything; but even had it done so we fail to see how Mrs. Lesley was hurt. The Secretary had already properly held that no case had been made in support of the charge that Mrs. Lesley was incompetent. The issue is then solely that of whether Mrs. Lesley's shoplifting constituted immorality. Since the folder contained records of Mrs. Lesley's past employment which was admittedly satisfactory, its unavailability couldn't harm her contention that one incident of shoplifting was not immorality.

Mrs. Lesley does contend that the Board erred as a matter of law in finding that her shoplifting constituted immorality. The term immorality, while not defined in the Code has been judicially defined as "a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and to elevate." *Horosko v. Mount Pleasant Township School District,* 335 Pa. 369, 372, 6 A.2d 866, 868 (1939). Clearly shoplifting falls squarely within this definition.

Mrs. Lesley finally asserts that her act of shoplifting was the result of a temporary mental instability brought on by physical and emotional stresses, that it is her only discreditable action during ten year's of service to the School District, and that she

should therefore not have been declared to be disqualified for immorality. The circumstances described are mitigating but they cannot "eradicate the result or change the complexion of her acts." *Batrus' Appeal*, 148 Pa. Superior Ct. 587, 593, 26 A.2d 121, 124 (1942). The School Board to whom the matter of dismissal, or not, is committed had these circumstances before it and doubtless believed, nevertheless, that the result and complexion of Mrs. Lesley's act of shoplifting were such that her effectiveness as a teacher at Oxford was ended.

ORDER

AND Now, this 1st day of October, 1980, the order of the Secretary of Education, dated August 22, 1977, Number 320, is affirmed.