Gerald O. Harrison, Petitioner *v.* Capital Area Intermediate Unit, Respondent.

Argued May 4, 1984, before Judges Doyle, Colins and Palladino, sitting as a panel of three.

*Gerald E. Ruth,* for petitioner.

*Michael I. Levin,* with him, *Linda J. Wells, Cleckner and Fearen,* for respondent.

Opinion by Judge Colins, August 3, 1984:

Gerald Harrison (petitioner) appeals the decision and order of the Secretary of Education (Secretary) sustaining the charge of persistent negligence and dismissing his appeal.

Petitioner was employed by the Capital Area Intermediate Unit for ten years. He came under criticism in 1979, culminating in his dismissal in 1982. He appealed his dismissal to the Intermediate Unit Board (Board). The Board found, and the Secretary concurred, that he had failed to keep proper student records, failed to properly update, prepare and revise

individual programs of the students, failed to conform instruction to individual student programs, failed to prepare adequate pre-lesson plans and substitute plans, failed to properly supervise his students, failed to follow policies of the Intermediate Unit, failed to follow the directions of his supervisors, failed to give notice of his absences and failed to report for duty on time on numerous occasions.

Petitioner claims he was given a satisfactory rating on May 10, 1982, his last rating. However, this was apparently a rating of ''satisfactory-probationary''. At that time, he was advised that he would have to fulfill certain duties if he wished to be taken off probation. He did not complete the records and he was told in August that his dismissal would be recommended to the Board of School Directors.

Where a local school board has made findings of fact and the Secretary takes no new evidence, the Secretary's scope of review is limited to determining whether there is substantial evidence to support the findings of the Board. *Board of School Directors of Eastern York School District v. Fasnacht,* 64 Pa. Commonwealth Ct. 571, 441 A.2d 481 (1982).

The Public School Code provides that:

> ''[t]he only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the employe. . . .''[1]

It is apparent from the record that petitioner has had a long history of non-compliance with school pro-

---

[1] 24 Pa. C. S. §11-1122.

cedures and regulations as evidenced by his "satisfactory-probationary" rating in 1979 and numerous records of complaints about him from then until his dismissal.

Dismissal for persistent negligence is warranted when a teacher fails to comply with a directive of supervisors on numerous occasions. In fact, a single act, continued for a period of time, may support dismissal for persistent negligence. *Strinich v. Clairton School Dist.*, 494 Pa. 297, 431 A.2d 267 (1981).

Our review of a case where the Secretary has affirmed the dismissal of a teacher is limited to a determination of whether there was a violation of constitutional rights, an error of law, an abuse of discretion, or if a necessary finding of fact was unsupported by substantial evidence. *Fink v. Board of Education of Warren County School District*, 65 Pa. Commonwealth Ct. 320, 442 A.2d 837 (1982).

There is no evidence of a violation of due process or procedural errors and there is ample evidence in the record to support the Secretary's decision.

Therefore, we affirm.

ORDER

AND Now, August 3, 1984, the Order of the Secretary of Education in the above-referenced matter, dated August 9, 1983, is hereby affirmed.