533 A.2d 812

Michael Dohanic, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued October 9, 1987, before Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*John J. Barber, Shamp, Arduini, Hain & Barber,* for petitioner.

*William C. Sennett, Knox, Graham, McLaughlin, Gornall & Sennett, Inc.,* for respondent.

OPINION BY SENIOR JUDGE NARICK, November 20, 1987:

This is an appeal by Michael Dohanic (Petitioner) from a decision of the Secretary of Education (Secretary) which affirmed the action of the Board of Education of the North East School District (Board) dismissing him from his position as a teacher for immorality. We affirm.

Petitioner was employed as a seventh grade teacher by the North East School District at the Heard Memorial School which serviced students in grades four through seven. On or about April 1, 1986 Petitioner was verbally notified by the Superintendent of Schools, Dr. Rudolph C. Rubeis, that he was suspended. On or about April 2, 1986, the Board sent Petitioner, by registered mail, a written statement of charges that had been assessed against him and a notice of hearing pursuant to Section 1127 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1127. This letter indicated that Petitioner's contract was subject to termination because charges of immorali-

ty, incompetency, persistent negligence and insubordination had been assessed against him. On April 15, 1986 an amended notice of charges was forwarded to Petitioner which indicated that the charge of incompetency and persistent negligence had been amended.

Public hearings on the proposed dismissal were held on April 17, April 24, May 5 and May 9, 1986. The Board, on May 9, 1986, voted to dismiss Petitioner and on May 15, 1986 the Board adopted findings of fact and conclusions of law in support of its decision. The Board concluded in its decision that:

> It has been demonstrated to the North East School District Board of Directors that Mr. Michael Dohanic is guilty of immorality and persistent negligence and that he authored numerous personal notes to female students which undermined parental and school authority, disturbed the moral and social orientation of the children and that he lied to his immediate supervisor, Mr. Tracy, regarding parental requests about the placement of their daughters in his homeroom.

Petitioner appealed the Board's decision to the Secretary. No additional evidence was received by the Secretary, but the Secretary did adopt additional findings of fact and rejected other findings of fact made by the Board. The Secretary concluded that the Board's decision to dismiss Petitioner for immorality was supported by substantial evidence and for that reason the Secretary did not address the issue of dismissal for persistent negligence.

Petitioner has set forth in his brief a multitude of issues for our review which we will group as follows: (1) whether the Secretary failed to take steps necessary for a proper review; (2) whether the Secretary's decision is supported by substantial evidence; (3) whether Peti-

tioner's due process rights were violated; and (4) whether Petitioner's procedural rights as required by his collective bargaining agreement were violated.

Section 1131 of the Code, 24 P.S. §11-1131 vests the Secretary with authority to hear an appeal brought by a professional employee aggrieved by an action of the Board. Our Supreme Court defined the Secretary's authority on review in *Belasco v. Board of Public Education*, 510 Pa. 504, 510, 510 A.2d 337, 343 (1986) to be "de novo review whether he takes additional testimony or merely reviews the official record of the proceedings before the Board". The Secretary is to review the official transcript of the record of a hearing before the Board and take additional testimony if he deems it advisable. However, 22 Pa. Code §351.8(c) provides that "[i]f either party wishes to offer additional testimony, a notice of intent to offer testimony shall be delivered to the Secretary and to opposing counsel at least fourteen days before the hearing". Petitioner argues that the Secretary erred in failing to accept into evidence an article, published in "Pennsylvania Education" which urged teachers to establish personal relationships with their students. We are aware of no request in the record made by Petitioner to the Secretary to receive this additional testimony as required by 22 Pa. Code §351.8(c). However, even if such a request was made, it was within the Secretary's discretion as to whether to receive this additional evidence and we see no error in the Secretary's refusal.

Petitioner next asserts that the Secretary's decision which dismissed Petitioner from his employment on grounds of immorality is not supported by substantial evidence. Our scope of review of the Secretary's decision is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported

by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Substantial evidence exists when an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man acting reasonably might have reached the same conclusion. *Landi v. West Chester Area School District,* 23 Pa. Commonwealth Ct. 586, 589, 353 A.2d 895, 897 (1976). For the reasons set forth below, we cannot agree that the Secretary's decision is not supported by substantial evidence.

Immorality under the Public School Code has been interpreted to be such a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and elevate. *See Keating v. Board of School Directors of the Riverside School District,* 99 Pa. Commonwealth Ct. 337, 513 A.2d 547 (1986) citing *Horosko v. Mount Pleasant Township School District,* 335 Pa. 369, 372, 6 A.2d 866, 868 (1939), *cert. denied* 308 U.S. 553 (1939). Here, Petitioner was dismissed for immorality due to his lying to his immediate supervisor and also for writing letters or notes to female students during the course of his sixteen year teaching career.

Immoral conduct may include lying. *Balog v. McKeesport Area School District,* 86 Pa. Commonwealth Ct. 132, 484 A.2d 198 (1984). *Also see Batrus' Appeal,* 148 Pa. Superior Ct. 587, 26 A.2d 121 (1942). The facts surrounding this incident whereby Petitioner allegedly lied to his supervisor were that Petitioner's supervisor, Mr. James Tracy, testified that Petitioner had advised him that several parents had requested that their daughters be placed in Petitioner's homeroom. Mr. Tracy testified that his investigation revealed that no such requests were ever made and because of this incident Petitioner was reprimanded pursuant to a letter from Mr. Tracy dated August 27, 1985. This letter was

admitted into evidence without objection. On September 10, 1985, Petitioner in a letter addressed to Mr. Tracy indicated that it was not parental requests for students to be placed in his homeroom but a "faculty" request. A letter responding to Petitioner's letter was sent by Mr. Tracy to Petitioner on September 12, 1985 again discussing this incident and again reprimanding Petitioner. On October 9, 1985, Petitioner responded to Mr. Tracy's letter again reiterating his position that it was a faculty request and not a parental request. Both of these letters were also admitted into evidence without objection. Petitioner testified with respect to this incident that statements had been made to him by certain parents which led Petitioner to believe that these parents wished to have their daughters placed in his homeroom. For that reason, Petitioner indicated he made the request to Mr. Tracy that these girls be placed in his homeroom.

Petitioner complains that Mr. Tracy's testimony in regard to this incident is hearsay because it was based on statements made by the parents of students to Mr. Tracy, and therefore Mr. Tracy's testimony is inadmissible. It is well established that hearsay testimony if supported by other evidence may be admitted in proceedings before administrative agencies. *The Board of Public Education of the School District of Pittsburgh v. Pyle*, 37 Pa. Commonwealth Ct. 386, 390 A.2d 904 (1978). Here, Petitioner's own testimony supports the Secretary's conclusions that Mr. Tracy was led to believe by Petitioner that certain parents had made personal requests that their daughters be placed in Petitioner's homeroom. Therefore, we cannot conclude that it was improper for the Board and the Secretary to consider this evidence.

The evidence also reveals that Petitioner wrote letters to students throughout his teaching career. Nu-

merous letters written by Petitioner were admitted into evidence without objection and Petitioner did not deny that he wrote these letters to students, all of which were female. Several parents testified that they considered these letters written to their daughters to be strange, peculiar, disgusting, disturbing and upsetting. We conclude after carefully reviewing the record that Petitioner's letters offended community standards and set a bad example for students. Petitioner also asserts that a letter from a female student whereby this student described a dream she had to Mr. Dohanic could not be used to support his dismissal. We disagree. This letter demonstrates the very effect Petitioner's own letter writing had on students and our review of this student's letter leads us to conclude that this was an improper communication between a student and teacher and that this communication was fostered by Petitioner's own conduct.

Petitioner next asserts that his due process rights were violated because he did not receive timely notice of the amended charges against him and because immorality as a basis for discharge was not set forth in the notice of charges. Charges need only inform a teacher of the basis for a proposed dismissal so as to enable him to present a proper defense. *Nagy v. Belle Vernon Area School District*, 49 Pa. Commonwealth Ct. 452, 412 A.2d 172 (1980) and *Lucciola v. Pennsylvania Secretary of Education*, 25 Pa. Commonwealth Ct. 419, 360 A.2d 310 (1976). With respect to this amended charge, we conclude that this amendment was only minor. The initial charges sent to Petitioner on April 2, 1986 made the following charge of incompetence and persistent negligence against Petitioner:

> During the 1985-86 school year, you authored numerous personal notes to a twelve year old female child, which undermines parental and

school administrative authority, and disturbs the moral and social orientation of the child. You have also indicated to the superintendent that you have written such notes to many other children. Such behavior is incompetent and exhibits persistent negligence.

The amended charge merely added the phrase "This course of conduct continued not only during the 1985-86 school year but during at least the four or five previous school years. Such behavior is incompetent and exhibits persistent negligence". Additionally, Petitioner argues that he cannot be discharged due to immorality based on certain letters he authored where the notice of charges did not indicate that he could be discharged for immorality based on these letters. We think this argument is without merit. Immorality was sufficiently averred in the statement of charges served upon Petitioner. Petitioner did receive notice that he was subject to dismissal for writing these letters. Although the word immorality could have been inserted at this point in the statement of charges with respect to Petitioner's conduct in writing notes to a female student, we do not find that the failure to specify immorality in the statement of charges changed the substance of the charges. *See Batrus' Appeal.*

Lastly, Petitioner argues that his procedural rights under his collective bargaining agreement were violated because he had a right to be informed and to respond to serious parental complaints. This argument is captious. The portion of the collective bargaining agreement to which Petitioner refers provides:

Any complaint serious enough to be noted in the member's personnel file regarding a member, made to any member of the administration by any parent, student or other person, shall be promptly investigated and called to the attention

of the member. The member shall be given an opportunity to respond and/or rebut such complaint. Every effort shall be made by the administration to arrange a meeting or conference between the complainant and the member if requested by either party. The member shall have the right to be represented by the association and/or counsel at any meetings or conferences regarding such complaints.

The only evidence regarding any complaints noted in Petitioner's personnel file involved the incident whereby Petitioner was reprimanded for lying to his supervisor. The record clearly evidences that Petitioner was aware of this complaint; that Petitioner was provided with an opportunity to respond to this complaint; and that Petitioner's responses to this complaint were included in his personnel file. Although Petitioner may be referring to the testimony of certain parents elicited at the hearings before the Board, there is no evidence of record that any parental complaints were made part of Petitioner's personnel file, and we see no evidence that Petitioner was deprived of an opportunity to respond to the testimonies of these individuals.

Therefore, for the reasons set forth herein, we will affirm the Secretary's order dismissing Petitioner on grounds of immorality.

ORDER

AND NOW, this 20th day of November, 1987, the order of the Secretary in the above-captioned matter is hereby affirmed.