548 A.2d 1341

Everett Area School District, Appellant *v.* Brenda Ault, Appellee.

Everett Area School District, Appellant *v.* William Baker, Appellee.

*Vincent Candiello, Morgan, Lewis & Bockius,* for appellant.

*William K. Eckel,* for appellees.

OPINION BY JUDGE COLINS, October 20, 1988:

The Everett Area School District (appellant) appeals a decision of the Court of Common Pleas of Bedford County which sustained the consolidated appeals of Brenda Ault and William Baker (appellees) and vacated a fifteen-day suspension imposed by appellant for immoral conduct. We affirm.

The incident that gave rise to this litigation occurred on June 5, 1987, the last day of classes for the 1986-87 school year. On this day, during the third period, appellee Ault engaged in a water fight with her tenth grade class. While it was forbidden by the appellant to engage in water fights, this type of "horseplay" was traditional on the last day of classes. While these water fights were entered into in a spirit of youthful joviality, rather than malice, it must be noted that the school authorities had given explicit warnings that no teachers or students were to engage in any such conduct and that a violation of this policy would result in severe disciplinary actions.

At the conclusion of the skirmish between appellee Ault and her students, the group proceeded to appellee Baker's classroom and commenced a sneak attack upon appellee Baker. During this attack, appellee Baker reached for the nearest bottle of liquid, which turned out to be a cleansing solution, and splashed three students with this cleanser. This, again, was undertaken in a spirit of horseplay, rather than assaultive conduct.

Unfortunately, the cleaning fluid in question was mildly caustic and the three students suffered minor irritations of the eyes and skin which required them to be sent to the school nurse. After receiving initial treatment from the school nurse, the three students were transported to a local hospital where they received further medical attention and were issued prescriptions for eye drops.

The appellant approved a motion charging Baker with intemperance, immorality, and cruelty and Ault with intemperance and immorality. The appellees were informed of the charges against them in a July 3, 1987, letter. Appellant sought to terminate appellee Baker and suspend appellee Ault for ninety (90) days. After a hearing before the School Board, the appellees were found guilty of immorality and suspended for fifteen

(15) days without pay. An appeal to the Court of Common Pleas of Bedford County resulted in a reversal of the suspensions and a remand to the appellant with the suggestion that appellees receive only a letter of reprimand.

"A professional employee who has had charges brought against him [or her] and is aggrieved by the School Board's action is entitled to a further fact-finding procedure in a tribunal other than the School Board." *Belasco v. Board of Public Education*, 510 Pa. 504, 514, 510 A.2d 337, 342 (1986). "In a case involving the [suspension] of a professional employee, the School Board who hears and adjudicates the case is not an independent body." *Id.* "School Boards are local agencies, 2 Pa.C.S.A. §101 and jurisdiction of appeals therefrom is vested generally in the courts of common pleas. 42 Pa.C.S.A. §933(a)(2)." *Rike v. Secretary of Education*, 508 Pa. 190, 194, 494 A.2d 1388, 1390 (1985).

The trial court in its opinion in the instant matter stated:

> This was without question unprofessional conduct, unbecoming to a teacher. However, we cannot find that it rises to the level of immorality. That term has been defined as a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals the teacher is supposed to foster. Lesley v. Oxford Area School District, 420 A.2d 764, 54 Pa. Cmwlth. Ct. 120 (1980). The cases we have found dealing with immorality have involved sexual improprieties, stealing, and operating an illegal gambling establishment. See Lesley, infra, Penn-Delco School District v. Urso, 383 A.2d 162, 33 Pa. Cmwlth. Ct. 501 (1978); Bovino v. Board of School Directors of Indiana Area School District, 377 A.2d 1284, 32 Pa.

Cmwlth. Ct. 105 (1977), Baker v. School District of City of Allentown, 371 A.2d 1028, 29 Pa. Commonwealth Ct. 453 (1977).

The trial court, using the standard of review enumerated in the Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, went on to conclude "that the [appellees'] conduct does not constitute immorality and, accordingly [found] that the adjudications of the School Board [were] not in accordance with the law."

Appellant argues that the trial court committed an error of law by substituting its judgment for the School Board's determination that the appellees' conduct offended the moral standards of the community.

The burden is on the School Board to establish that a suspended professional employee committed one of the statutorily enumerated acts justifying his suspension. *Foderaro v. School District of Philadelphia,* 109 Pa. Commonwealth Ct. 491, 531 A.2d 570 (1987). While it is the School Board which determines whether a teacher's conduct offends the moral standards of the community, this determination is a legal one and can only be sustained if legally correct and supported by substantial evidence. *Bethel Park School District v. Krall,* 67 Pa. Commonwealth Ct. 143, 445 A.2d 1377 (1982), *cert. denied,* 464 U.S. 851 (1983).

While the appellees' conduct may have been outrageous and uncalled for, we agree with the trial court, however, that it does not rise to the level of immorality. In *Central York School District v. Ehrhart,* 36 Pa. Commonwealth Ct. 278, 387 A.2d 1006 (1978), we held that an elementary school teacher's discussion of sexual topics in an effort to encourage his students to refrain from the use of vulgar language was controversial, but not immoral. The teacher's conduct in *Central York* may have been inappropriate and an error in judgment; however, it was not immoral. So, too, we believe that the

teachers' conduct in the matter *sub judice* was most inappropriate and an error in judgment but not immoral.

Thus, under this Court's traditional scope of review, we must determine whether the trial court committed an error of law, violated constitutional rights, or made findings of fact which are unsupported by substantial evidence. 2 Pa. C. S. §704. We agree with the trial court's resolution of this matter that the evidence did not support a conclusion of immorality.

We in no way condone the teachers in question having participated in such pranks. The appellees directly violated orders of their superiors and could well have been disciplined for their conduct. However, the School Board specifically found that the conduct of appellees qualified as immoral behavior. As previously discussed, the trial court found that such conduct did not, as a matter of law, constitute "immorality" under Section 1122 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1122. This Court finds no error with the trial court's determination and, accordingly, the order of the trial court is affirmed.

ORDER

AND NOW, this 20th day of October, 1988, the order of the Court of Common Pleas of Bedford County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.