630 A.2d 481

**Homer HORTON, Petitioner,**

v.

**JEFFERSON COUNTY—DUBOIS AREA VOCATIONAL TECHNICAL SCHOOL, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided July 30, 1993.

Reargument Denied Sept. 10, 1993.

---

426

John F. O'Brien, for petitioner.

William R. Strong, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Homer Horton (Horton) appeals from an order of the Secretary of Education (Secretary) which dismissed his appeal from a determination by the Jefferson County—Dubois Area Vocational–Technical School Committee (Committee) dismissing him from his position as director of the School. We reverse.

Horton was a tenured, professional employee of the School and was employed as the School's director from 1972 until his dismissal on August 15, 1991. During that time, Horton never received an unsatisfactory performance rating.

In October of 1989, Horton and five other professionals of the School were designated as a team to attend Student

Assistance Program Training (SAPT).[1]  SAPT rules required attendance at all scheduled classes;  if any member of a team missed a session, the rules provided that the team would not be permitted to participate in the remaining classes.  Contrary to these rules, the School's team missed one of the scheduled classes.

Knowing that his team would be barred from further participation, Horton attempted to locate SAPT's head counselor for the purpose of requesting permission to attend the remaining classes despite the rule infraction.  Before finding the head counselor, however, Horton encountered one of SAPT's coordinators, and a heated discussion ensued.  According to testimony by the coordinator, which the Secretary found to be more credible than that of Horton, Horton grabbed the front of the coordinator's shirt with his left hand, raised his right hand, made a fist and stated that "if anybody did that to his people again, he would...."  Secretary's Finding of Fact No. 18.

Less than three hours later, Horton met with the head counselor.  The head counselor, whom the Secretary also found to be more credible than Horton, testified that at this meeting, Horton indicated his displeasure with what he considered to be inappropriate training tactics and remarked that "if anyone ever did this to his people again, he would put a gun to their head and shoot them."  Secretary's Finding of Fact No. 20.

As a result of these incidents, the Committee voted to institute dismissal charges against Horton.  Following hearings, the Committee dismissed Horton on the grounds of immorality, persistent and wilful violation of school law, persistent negligence and cruelty.[2]

Horton appealed to the Secretary, who dismissed his appeal.  Specifically, the Secretary concluded that a review of the

1.  SAPT is a residential training program designed to enable public school personnel to deal with student problems arising from substance abuse and other behavior of at-risk students.

2.  The dismissal was pursuant to Section 1122 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11–1122, which provides in pertinent part that:

record established that Horton's dismissal on the grounds of immorality, persistent and wilful violation of school law and persistent negligence was supported by the evidence. The Secretary declined to address whether Horton's actions constituted cruelty in that he found the dismissal valid on other grounds. Horton appealed to this court.

■ The issues presented on appeal [3] are 1) whether Horton's dismissal was valid on the ground of immorality; 2) whether Horton's dismissal was valid on the ground of persistent and wilful violation of school law; and 3) whether Horton's dismissal was valid on the ground of persistent negligence.[4] This court need only find one of the grounds for the dismissal valid in order to affirm the Secretary's dismissal of Horton's appeal.

As to the first issue, Horton asserts that the record does not contain substantial evidence to support the Secretary's determination of immoral conduct and that his dismissal on this basis is therefore invalid. We agree.

■ Immorality under the Public School Code of 1949 (Code) has been interpreted to be such a course of conduct as offends the morals of the community and is a bad example to the youth whose ideals a teacher is supposed to foster and elevate. *Dohanic v. Department of Education,* 111 Pa.Commonwealth Ct. 192, 533 A.2d 812 (1987), *petition for allowance*

[t]he only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be *immorality,* incompetency, intemperance, cruelty, *persistent negligence,* mental derangement, advocation of or participating in un-American or subversive doctrines, *persistent and wilful violation of the school laws of this Commonwealth* on the part of the professional employe.... (emphasis added).

**3.** Our scope of review is limited to a determination of whether the findings of fact of the Secretary are supported by substantial evidence, errors of law were committed, or constitutional rights were violated. *Forest Area School District v. Shoup,* 153 Pa.Commonwealth Ct. 423, 621 A.2d 1121 (1993).

**4.** Horton also raises several procedural issues. However, our resolution of the substantive issues of this appeal make unnecessary consideration of the procedural issues.

*of appeal denied,* 518 Pa. 632, 541 A.2d 1392 (1988). While it is the Secretary who determines whether a teacher's conduct offends the moral standards of the community, this determination is a legal one and can only be sustained if legally correct and supported by substantial evidence. *See Everett Area School District v. Ault,* 120 Pa.Commonwealth Ct. 514, 548 A.2d 1341 (1988).

■ In finding Horton's dismissal valid on immorality grounds, the Secretary relied solely on Horton's conviction of a summary offense on October 30, 1985.[5] However, our review of the legal precedent reveals no support for the proposition that the mere conviction of a summary offense for harassment constitutes immoral conduct. Conduct which this court previously has concluded may be immoral includes, *inter alia,* sexual misconduct, *Penn–Delco School District v. Urso,* 33 Pa.Commonwealth Ct. 501, 382 A.2d 162 (1978), and shoplifting, *Lesley v. Oxford Area School District,* 54 Pa.Commonwealth Ct. 120, 420 A.2d 764 (1980).

■ Although we may find Horton's conviction for a summary offense, and the underlying behavior, to be unbecoming to a professional, we recognize that not all unprofessional conduct automatically rises to the level of immorality. *See Everett Area School District, supra.* We, therefore, conclude that Horton's dismissal on immorality grounds is not supported by substantial evidence and is therefore invalid.[6]

■ Regarding the second issue, Horton asserts that his conduct did not constitute a persistent and wilful violation of a school law. In determining whether a persistent and wilful violation of school law has occurred, three elements must be

5. Specifically, Horton was convicted of violating Section 2709(1) of the Crimes Code, 18 Pa.C.S. § 2709(1), which provides that "[a] person commits a summary offense when, with intent to harass, annoy or alarm another person: (1) he strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same...."

6. Horton also asserts that the Committee's consideration of his October 1985 conviction was barred by laches. However, our review of the record reveals that Horton did not properly preserve this issue for appeal.

examined: persistency, wilfulness and a violation of a school law. Persistency is held to exist when the violation occurs either as a series of individual incidents or one incident carried on for a substantial period of time. *Gobla v. Board of School Directors of Crestwood School District,* 51 Pa.Commonwealth Ct. 539, 414 A.2d 772 (1980). Wilfulness requires the presence of intention and at least some power of choice. *Cowdery v. Board of Education of School District of Philadelphia,* 110 Pa.Commonwealth Ct. 164, 531 A.2d 1186 (1987). A violation of a school law includes a violation of a school district's rules and orders. *Sertik v. School District of Pittsburgh,* 136 Pa.Commonwealth Ct. 594, 584 A.2d 390 (1990), *petition for allowance of appeal denied,* 527 Pa. 658, 593 A.2d 428 (1991).

■ The school law upon which the Secretary relied, in finding that Horton's conduct constituted a persistent and wilful violation thereof, was a letter, dated August 29, 1985, from the School's solicitor instructing Horton to refrain from physical contact with School employees.[7] Contrary to the Secretary's conclusion, however, we do not find that the two isolated encounters between Horton and SAPT personnel constituted a series of events, thus satisfying the standard for persistence. Regardless of whether Horton's conduct was wilful or he in fact violated a school law, the occurrence of two incidents less than three hours apart hardly rises to the level of persistence. We, therefore, conclude that Horton's dismissal on this basis is not valid.

Last, Horton asserts that the Secretary erroneously concluded that Horton's failure to comply with the School's directive, as contained in the solicitor's letter, constituted persistent negligence under the Code. It is Horton's position that negligence is an employee's failure to perform his duties. Because he never received an unsatisfactory performance

7. Specifically, this letter, which was precipitated by Horton's summary conviction, directed Horton that he:

have no physical contact with any employee, union, non-union or otherwise. Such physical contacts are not necessary and often cause problems which hold the School up in a bad light. Therefore, you must refrain from such things and make a conscious effort to treat [School] personnel and employees with due respect. Failure to do so will be considered a violation of the Committees' [sic] directives.

rating while employed by the School, Horton now asserts that his dismissal on the basis of persistent negligence is not valid.

We note, however, that although a teacher may be dismissed for unsatisfactory performance, dismissal for persistent negligence is also warranted by a teacher's continuous failure to comply with a directive of his supervisors. *Harrison v. Capital Area Intermediate Unit*, 84 Pa.Commonwealth Ct. 344, 479 A.2d 62 (1984). When applying the definition of persistence as used in the context of a persistent and wilful violation of school law, we again conclude that the occurrence of two isolated incidents in one day, only several hours apart, is not continuous and therefore fails to meet the standard for persistence. Thus, we conclude that Horton's dismissal on the basis of persistent negligence is not valid.

Accordingly, we reverse the order of the Secretary and reinstate Horton to his position as director of the School.

## ORDER

AND NOW, July 30, 1993, the order of the Secretary of Education in the above-captioned matter is reversed and Homer Horton is reinstated to his position as director of the Jefferson County–Dubois Area Vocational Technical School.