PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2189
_____

HOLLY JUDGE,

Appellant

v.

SHIKELLAMY SCHOOL DISTRICT; PATRICK M.
KELLEY, Individually and in his capacity as District
Superintendent of the Shikellamy School District; DR.
JAMES P. HARTMAN, Individually and in his capacity as
President of the Shikellamy Board of Education; WENDY
WIEST, Individually and in her capacity as Vice President of
the Shikellamy Board of Education; LORI GARMAN,
Individually and in her capacity as Secretary of the
Shikellamy Board of Education; KELLIE CIANFLONE,
Individually and in her capacity as a member of the
Shikellamy Board of Education; JAMES GARMAN,
Individually and in his capacity as a member of the
Shikellamy Board of Education; C. SCOTT KARPINSKI,
Individually and in his capacity as a member of the
Shikellamy Board of Education; THOMAS MICHAEL,
Individually and in his capacity as a member of the
Shikellamy Board of Education; MICHAEL STEPP,
Individually and in his capacity as a member of the

Shikellamy Board of Education; DR. JEFFREY WALTER,
Individually and in his capacity as a member of the
Shikellamy Board of Education
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-15-cv-00551)
District Judge: Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2018

Before: HARDIMAN, KRAUSE, and BIBAS,
*Circuit Judges*.

(Filed: September 24, 2018)

Donald H. Brobst
Thomas J. Campenni
Rosenn Jenkins & Greenwald, LLP
15 South Franklin Street
Wilkes-Barre, PA 18711
     *Counsel for Appellant*

Kimberly A. Boyer-Cohen
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
     *Counsel for Appellees*

---

OPINION OF THE COURT

---

HARDIMAN, *Circuit Judge*.

Holly Judge resigned her position at the Shikellamy School District after she was arrested on suspicion of drunk driving. Judge sued Shikellamy and a number of its officers (the Individual Defendants), claiming she was constructively discharged in violation of her constitutional and contractual rights. Because there is no genuine dispute that Judge resigned voluntarily, we will affirm.

I[1]

Judge had been principal of Oaklyn Elementary School for about three years when, on the evening of May 30, 2014, she was stopped by a Pennsylvania State Trooper for failing to signal as she pulled into traffic. After acknowledging she had been drinking, Judge became upset and asked the trooper to let her go because she was concerned about her job. The trooper declined and took Judge to the State Police barracks, where she was given a blood alcohol test. The test showed that Judge's blood alcohol content was .332, more than four times the legal

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary judgment *de novo*. *Bradley v. W. Chester Univ. of Pa. State Sys. of Higher Ed.*, 880 F.3d 643, 650 (3d Cir. 2018).

limit. Judge was released from the barracks that night without being informed of the test results.

A few weeks later, Judge had three encounters with Shikellamy Superintendent Patrick Kelley. Having been advised by two school board members that Judge had been the subject of a traffic stop, Kelley walked into Judge's office, shut the door, and began asking her questions about the incident. Later that day, around 3:00 p.m., Kelley summoned Judge to his own office. As soon as Judge arrived, Kelley gave her a letter to read. The letter stated three things: first, Kelley knew that Judge had been stopped on suspicion of drunk driving; second, Judge had not disclosed the events of May 30 until confronted 20 days later; and third, Judge had a choice to make. In Kelley's words, the "underlying facts" required him to ask for Judge's "immediate resignation." App. 120. The letter continued:

> If you do choose to resign then I will offer a neutral reference in the future upon inquiry. . . . [I]n the alternative, if you decide not to resign and DUI charges are filed against you then I will be forced to issue a written statement of charges for dismissal. These charges will be based upon the following elements:

4

- Immorality - conduct which offends the morals of the Commonwealth and is a bad example to the youth whose ideals a professional educator . . . has a duty to foster and elevate. . . .

This letter is delivered on . . . June 19, 2014, and I await your answer on, or before, 12:30 [p.m.] on June 20, 2014.

App. 120–21.[2] After reading the letter, Judge asked Kelley if there was "anything [she] could do," App. 201, but Kelley said there was not. By the time Judge left Kelley's office, it was about 4:00 p.m. Judge went home and spoke with her mother about the situation but did not contact a lawyer, even though she had retained counsel after her arrest in anticipation of possible criminal charges. Ultimately, Judge decided to resign her position.

The next day, Judge met with Kelley for a third time and presented him with a letter of resignation. Before handing Kelley the letter, Judge told him she "was not even charged with DUI yet." App. 202. Kelley then handed Judge some court documents indicating that, in fact, she *had* been charged. That was the first time Judge learned she had been charged with DUI under 75 Pa. Cons. Stat. § 3802(a)(1) (general impairment) and

---

[2] The letter also alleged two other grounds for termination—"moral turpitude" and "intemperance"—which the parties have not discussed on appeal.

5

§ 3802(c) (highest rate of alcohol), as well as a number of related moving violations.

Almost a year later, Judge sued Shikellamy and the Individual Defendants in the United States District Court for the Middle District of Pennsylvania. She asserted four claims—deprivation of procedural due process, deprivation of substantive due process, violation of equal protection, and breach of contract—all arising out of the common allegation that Shikellamy had constructively discharged her. The Defendants filed a motion to dismiss, which the District Court granted in part and denied in part. The District Court held that the Individual Defendants were entitled to qualified immunity and dismissed them from the case. As to Shikellamy, the Court dismissed Judge's substantive due process, equal protection, and contract claims in full. And it dismissed her procedural due process claim to the extent it alleged a deprivation of Judge's liberty interest in her reputation. The District Court granted Judge leave to amend so she could supplement her contract and procedural due process claims against Shikellamy. After Judge filed an amended complaint, Shikellamy answered, the parties conducted discovery on those two theories, and the District Court granted summary judgment in favor of Shikellamy. Judge filed a timely notice of appeal from both the Court's dismissal of the Individual Defendants and its summary judgment for Shikellamy.

II

The District Court recognized that neither Judge's procedural due process nor her breach of contract claim could go to a jury unless there was a genuine dispute as to whether she had been constructively discharged or had voluntarily resigned. *See* Fed. R. Civ. P. 56(a); *see Leheny v. City of*

6

*Pittsburgh*, 183 F.3d 220, 227 (3d Cir. 1999). The Court held that Judge had failed to demonstrate such a dispute and granted summary judgment for Shikellamy on both claims. We agree.

Our case law establishes a presumption that when employees resign, they do so freely, so the onus is on Judge to produce "evidence to establish that the resignation . . . was involuntarily procured." *Leheny*, 183 F.3d at 227. In cases like this appeal, where Judge does not claim she was misled into resigning, we ask whether Shikellamy "force[d] the resignation . . . by coercion or duress." *Id.* at 228. We apply an objective standard—the ultimate issue is not what Judge herself felt or believed, but whether a reasonable person under the circumstances "would have felt compelled to resign." *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 502 (3d Cir. 2010) (quoting *Duffy v. Paper Magic Grp., Inc.*, 265 F.3d 163, 167 (3d Cir. 2001)).[3]

Before today, we have not explained how claims of constructive discharge should be evaluated. Consequently, the parties have focused their attention on a non-exhaustive list of factors identified by the United States Court of Appeals for the

---

[3] Unlike her due process claim, Judge's contract claim is governed by Pennsylvania rather than federal law. But the difference here is immaterial because Pennsylvania appears to apply essentially the same standard to distinguish between voluntary resignations and constructive discharges. *See Helpin v. Trs. of Univ. of Pa.*, 969 A.2d 601, 614 & n.8 (Pa. Super. Ct. 2009) (framing the inquiry in terms of "whether a reasonable person in the employee's position would have felt *compelled* to resign.").

Eleventh Circuit, which we think provides a useful framework for decision. As that court has explained:

> Other circuits addressing this issue have indicated that certain factors may be helpful in determining whether the resignation was obtained by coercion or duress: (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice [s]he was given; (3) whether the employee was given a reasonable time in which to choose; (4) whether the employee was permitted to select the effective date of the resignation; and (5) whether the employee had the advice of counsel.

*Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) (citing *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1544 (8th Cir. 1992); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 174, 177 (4th Cir. 1988); *Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983)); *see also Leheny*, 183 F.3d at 227–28 (favorably citing *Hargray*). The District Court concluded that the balance of those factors was not enough for a reasonable jury to find that Judge had overcome the presumption that her resignation was voluntary. We substantially agree with the District Court's careful analysis.

Initially, we note that Judge was presented with a reasonable alternative to immediate resignation, having Shikellamy issue a "written statement of charges for dismissal," after which the terms of her employment contract entitled her to a hearing before she could actually be terminated. *See* App. 120, 150. Judge's argument in response—that this was an illusory alternative because Shikellamy lacked good cause to seek her termination—fails. Pennsylvania law permits the termination of tenured school employees for "immorality," 24 Pa. Stat. Ann. § 11-1122, and the Commonwealth Court has previously held that "certain circumstances . . . involving drinking and driving may constitute conduct that is immoral" under that provision, *Zelno v. Lincoln Intermediate Unit No. 12 Bd. of Dirs.*, 786 A.2d 1022, 1026 n.7 (Pa. Commw. Ct. 2001). As the District Court observed, given that Judge was charged with the category of DUI applicable to the highest BAC levels, Shikellamy could reasonably have believed that "there existed 'certain circumstances' making [her] DUI arrest immoral" and a valid basis for termination. *Judge v. Shikellamy Sch. Dist.*, 2017 WL 1550042, at *14–15 (M.D. Pa. May 1, 2017). This was not a situation where, because "the reason for the threatened removal could not be substantiated," the choice between resignation and the initiation of termination proceedings was "purely coercive." *Schultz*, 810 F.2d at 1136.

Second, any reasonable school principal in Judge's position would have understood the nature of her choice between resignation and charges followed by a pre-termination hearing. Judge's own employment contract, which she had to sign each year she worked for the District, said Judge could be terminated only after written notice and a hearing. Even assuming Judge believed in good faith that her options were between resignation and immediate termination, her subjective

state of mind is immaterial to the objective legal standard that applies in this case.

Third, although Judge had less than 24 hours to make a decision after Kelley's ultimatum, all of these events took place almost three weeks after Judge was actually arrested. The circumstances of that arrest put Judge on notice (as they would have any reasonable person) that she was at serious risk of being charged with a high-level DUI. And given the disapprobation society attaches to driving under the influence of alcohol, Judge's arrest at least raised the possibility that she might be terminated for "immorality" as a result. As the District Court put it, the clear "possible effect of a DUI on the night of her arrest" gave Judge "more than two weeks to foresee the 'gathering storm.'" *Judge*, 2017 WL 1550042, at *16–17.

The final two factors—the ability to set her own resignation date and the advice of counsel—favor Judge to some extent. But in light of the other factors we have discussed, and considering the fact that Judge made no attempt to seek advice from anyone but her mother over two weeks, we agree with the District Court that the final two factors don't suffice to carry Judge's burden. Judge's decision was presumptively voluntary, and no reasonable jury could find otherwise on this record. That conclusion dooms her contract and procedural due process theories.

III

Judge's remaining claims fare no better. She has abandoned her equal protection and substantive due process arguments on appeal by allotting them only one sentence apiece in her opening brief. *See* Judge Br. 32–33; *New Jersey*

10

*v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011). Moreover, with those claims having been abandoned and summary judgment having been properly granted on the others, we have no basis to conclude that Judge can establish a substantive constitutional violation. We therefore have no reason to disturb the District Court's decision to dismiss the Individual Defendants based on qualified immunity. *See De Ritis v. McGarrigle*, 861 F.3d 444, 452 & n.3 (3d Cir. 2017).

\* \* \*

For the reasons stated, we will affirm the District Court's summary judgment in favor of the Shikellamy School District and its order dismissing the Individual Defendants.