**DeEarle M. LOGSDON, II, Petitioner,**

v.

**DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 16, 1995.

Decided Feb. 12, 1996.

Brian E. Subers, Lansdale, for Petitioner.

Daniel J. Myers, Assistant Counsel, Harrisburg, for Respondent.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

DeEarle Logsdon II (Logsdon) petitions for review of an adjudication of the Secretary of the Department of Education (Department) holding that Logsdon must pass the state teaching examinations required by 22

Pa.Code §§ 49.18 and 49.143(3) before obtaining his permanent Vocational Instructor II certificate.[1] The Department's new testing requirements became effective June 1, 1987.

The issues presented in this appeal are whether the testing requirements implemented pursuant to 22 Pa.Code §§ 49.18 and 49.143 are applicable to Logsdon in that he sought his first provisional Vocational Instructional I certificate before June 1, 1987, and whether the Department is estopped from imposing these testing requirements on Logsdon where both the Department and Temple University, its alleged agent, represented to Logsdon that no such testing requirements were necessary and where Logsdon subsequently relied on such representations to his detriment.

## I.

Sections 1204 and 1205 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 12–1204 and 12–1205, authorize the Department to issue provisional and permanent teaching certificates. On January 1, 1985, the State Board of Education (State Board) issued regulations, effective June 1, 1987, requiring that applicants for provisional certificates pass examinations covering basic skills, general knowledge, professional knowledge and the subject matter to be certified. On May 29, 1987, Logsdon submitted an application for a Vocational Instructional I certificate to Temple University, which recommended him for certification and subsequently forwarded Logsdon's application to the Department on June 23, 1987.[2] The Department issued Logsdon a Vocational Instructional I certificate on June 26, 1987, a provisional certificate valid for seven years which expired in June 1994. The provisional certificate stated

that it was issued in accordance with the June 1, 1987 Department regulations.

After obtaining his provisional certificate, Logsdon secured employment as a vocational education instructor teaching small engine repair at the Bucks County Vocational Technical School. While teaching, Logsdon also continued to take education courses at Temple in order to obtain his permanent Vocational Instructional II certificate. By August 1994, Logsdon had completed the academic course work necessary to obtain his permanent certificate. At this time, Logsdon spoke with Pat Janischek, his academic advisor at Temple, who informed him that Temple could not recommend him to the Department for a permanent certificate because he had not passed two state teaching examinations (basic knowledge and general knowledge).[3] Pursuant to 22 Pa.Code § 49.68, a candidate may not be recommended for certification until he or she passes the four tests required by 22 Pa.Code 49.18 (basic skills, general knowledge, basic knowledge and subject matter).

At the beginning of the 1994–95 school year, Logsdon informed the school where he was employed that his provisional certificate expired in June 1994 and that he could not take the tests required for permanent certification until October 1994. The school permitted Logsdon to continue teaching while it checked his certification. On October 13, 1994, the Department informed the school that Logsdon's certification had lapsed at the end of the 1993–1994 school year. The school then discharged Logsdon for lack of certification.

In an October 11, 1994 letter to the Department, Logsdon, through counsel, claimed that he had fulfilled the requirements for a permanent certificate and requested that the Department issue him one. On October 17, 1994, Logsdon again wrote the Department

---

1. The Department's regulations require, inter alia, that an applicant for a permanent Vocational Instructional II certificate present evidence of having passed tests in basic skills, general knowledge, professional knowledge and subject matter of certification. Before June 1, 1987, an applicant for a permanent certificate was required to pass only a subject matter test.

2. Pursuant to 22 Pa.Code 49.131(a), applicants for a certificate must be recommended by their preparing institution.

3. Logsdon needed to pass a basic professional knowledge test, which was not being offered until October 22, 1994 and a vocational general knowledge test, which was not being offered until November 12, 1994.

contending that the testing requirements in 22 Pa.Code §§ 49.18 and 49.143 did not apply to him and requested that the Department reconsider its previous determination. On October 18, 1987, Logsdon inquired about a possible appeal with the Department's Certification Appeal Committee (CAC) regarding Temple's decision not to recommend him for a permanent certificate based upon his failure to complete testing requirements.

■ On December 7, 1994, the CAC, an advisory group to the Secretary, conducted an evidentiary hearing on whether Logsdon should be issued a permanent certificate retroactive to the beginning of the 1994–1995 school year. Before the CAC, Logsdon testified and presented other evidence. After a review of the record of the CAC proceeding, the Secretary issued a January 6, 1995 determination that Logsdon must pass all four tests as required by 22 Pa.Code §§ 49.18 and 49.143(3) before he may be issued a permanent certificate.[4]

## II.

■ Logsdon's first contention is that the testing requirements in 22 Pa.Code §§ 49.18 and 49.143(3) are not applicable to him because he applied for a provisional certificate before June 1, 1987, the effective date of the new regulations. To support his position, Logsdon refers to the section of the Department's Certification and Staffing Policy Guideline No. 23 (CSPG No. 23) entitled "Induction and Testing," for the proposition that the additional testing requirements apply only to candidates seeking their first provisional certificate after June 1, 1987. Logsdon thus contends that because he originally applied for his provisional certificate on May 29, 1987, the day he submitted his application to Temple, that date can be the only relevant date in determining when certification was originally sought.

Logsdon also bases his claim on an alleged agency relationship between Temple and the Department; he contends that, because he was required to submit his application to Temple and not allowed to hand deliver or mail his application directly to the Department, Temple is an agent of the Department for purposes of collecting application materials. Logsdon argues that notice to Temple, an agent, must be deemed to be notice to the Department, the principal. Logsdon therefore asserts that because he hand delivered his application for a permanent certificate to Temple on May 29, 1987, he is not subject to the testing requirements in 22 Pa.Code §§ 49.18 and 49.143.

■ In *Pennsylvania Industries for the Blind and Handicapped v. Department of General Services,* 116 Pa.Cmwlth. 264, 541 A.2d 1164 (1988), this Court noted: "An administrative agency has wide discretion when establishing rules, regulations and standards, and also in performance of its administrative duties and functions." *Id.* at 1166. "A reviewing court cannot overturn an agency's exercise of its discretion absent proof of fraud, bad faith or a blatant abuse of discretion." *Id.* Also, pursuant to 1 Pa.Code § 1.4, an administrative agency may issue "guidelines" interpreting regulations and announcing the policies it intends to implement.

Here, the Department issued CSPG No. 23 in January 1987, six months prior to the effective date of 22 Pa.Code §§ 49.18 and 49.143, the regulations requiring additional testing for a permanent vocational certificate. CSPG No. 23 states in part: "All candidates seeking their first Vocational Instructional I Certificate June 1, 1987 or after ... must pass the basic skills portion of the test in addition to ... the Professional Knowledge and General Knowledge portion of the test to qualify for a Vocational Instructional II certificate." CSPG No. 23, p. 2. Because Logsdon's application was not complete until June 23, 1987, when Temple recommended him, it is clear that Logsdon is subject to the testing requirements that apply to candidates seeking a Vocational Instructional I Certificate on June 1, 1987 or thereafter.

4. This Court's scope of review of the Secretary's order is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether an error of law was committed or constitutional rights were violated. *Startzel v. Department of Education,* 128 Pa.Cmwlth. 110, 562 A.2d 1005 (1989), *appeal denied,* 524 Pa. 636, 574 A.2d 76 (1990).

■ Turning to Logsdon's claim that Temple is an agent of the Department for purposes of the certification application process, this Court notes that the burden of establishing agency rests upon the party asserting it. *Scott v. Purcell,* 490 Pa. 109, 415 A.2d 56 (1980). An agency arises by the manifestation by a principal that an agent shall act for the principal, the agent's acceptance of the undertaking and an understanding between the parties that the principal is in control of the undertaking. *Scott.* Logsdon has presented no evidence that the Department has entrusted any of its certification responsibilities to Temple. Rather, Logsdon contends that because he could only submit his application to Temple, his preparing institution, Temple must be considered an agent of the Department for certification purposes.

The Department, on the other hand, while conceding that it requires applications from teachers prepared at approved in-state institutions to be submitted by the preparing institutions, maintains that this is simply an administrative policy aimed at reducing incomplete and/or fraudulent applications and cannot be used as a basis for inferring an agency relationship. This Court agrees. The Department has not delegated any of its certification responsibilities to Temple which is responsible for the education of teachers; the Department has only implemented a policy aimed at reducing the number of incomplete applications. Moreover, as discussed above, Logsdon's application was not complete when received by Temple on May 29, 1987, and, as such, Temple's receipt of the application, regardless of a lack of agency, did not represent constructive receipt by the Department. Accordingly, the date Temple received the application cannot be deemed the date the Department received it.

Logsdon's second contention is that the Department should be estopped from enforcing its additional testing requirements against Logsdon in that neither the Department, in the information contained in its provisional certificate, nor Temple, the Department's alleged agent and a teacher-preparing institution, advised Logsdon of such testing requirements. Logsdon argues that despite all the meetings he had with Temple representatives and his specific advisor, he was never informed that there were still two remaining state tests he had to pass.

■ In *Central Dauphin School District v. Department of Education,* 63 Pa.Cmwlth. 48, 437 A.2d 527, 530 (1981), the Court noted:

> [T]he doctrine of equitable estoppel *may* be applied to a Commonwealth agency.... It arises when a party has intentionally or negligently misrepresented some material fact, knowing or having reason to know that another will justifiably rely on that misrepresentation, and where that other has been induced to act to his detriment because he did justifiably rely on that misrepresentation. (Emphasis in original.)

Furthermore, a party asserting estoppel must establish its elements by clear, precise and unequivocal evidence. *Yurick v. Commonwealth,* 130 Pa.Cmwlth. 487, 568 A.2d 985 (1989). "Attempts to invoke estoppel against a Commonwealth agency frequently meet with failure because of the difficulty of establishing the necessary elements." *Central Dauphin School District,* 437 A.2d at 530.

■ In the present case, Logsdon contends that nowhere in the list of requirements for conversion to permanent status located on the back of the provisional certificate that was issued to him was there any indication that any further testing was required. A review of the record, however, indicates that on the front of Logsdon's provisional certificate was printed: "VOC INSTRUCTIONAL CERT ISSUED IN ACCORDANCE WITH 6/1/87 REGS." In *Heckert v. Department of State,* 82 Pa. Cmwlth. 636, 476 A.2d 481 (1984), the Court noted that individuals with professional licenses are charged with the knowledge of statutes and regulations affecting those licenses. As a provisionally certified teacher, Logsdon was charged with the knowledge of the statutes and regulations regarding his professional certification, and he cannot rely on the failure of his academic advisor to inform him of the Department's applicable testing requirements for permanent certification as a means to avoid compliance with them.

Here, the Department did not inform Logsdon that he was subject to one set of requirements and then later apply a different set of requirements to his application. There is no evidence of any misrepresentation, negligent or otherwise, on the part of the Department. Instead, it was Logsdon's mistaken belief that by submitting his application to Temple on May 29, 1987, two days before the new regulations went into effect, that he had avoided the additional testing requirements. In actuality, Logsdon's application was not completed by Temple and forwarded to the Department until after June 1, 1987. Accordingly, the Secretary did not err in holding that Logsdon's application for a permanent certificate was subject to the testing requirements of 22 Pa.Code §§ 49.18 and 49.143(3). The order of the Secretary is affirmed.

### *ORDER*

AND NOW, this 12th day of February, 1996, the order of the Secretary of the Department of Education is affirmed.