**Kelly C. DAVENPORT, Petitioner**

v.

**DEPARTMENT OF EDUCATION,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 27, 2004.

Decided May 14, 2004.

Kelly C. Davenport, petitioner, pro se.

Robert M. Tomaine, Jr., Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and MIRARCHI, Senior Judge.

OPINION BY Senior Judge MIRARCHI.

Kelly C. Davenport appeals, *pro se*, from an order of the Secretary of Education (Secretary) which affirmed a decision of the Bureau of Teacher Certification and Preparation (Bureau) denying her application for an Administrative Certificate as a Secondary Principal. We affirm.

Davenport is the principal of Freire Charter School located in Philadelphia.

On September 16, 2002, she filed an application with the Bureau for a secondary school principal's certificate. In her application, Davenport listed two years of professional experience as a Spanish teacher at the Collegiate School in Richmond, Virginia and three years of experience as the principal of Freire.

■ Pursuant to 22 Pa.Code § 49.121(a), the Department of Education (Department) "will issue Administrative Certificates to persons who have had a minimum of 5 years of professional school experience and have completed an approved program of graduate study preparing the applicant to direct, operate, supervise, and administer the organizational and general educational activities of a school." The applicant must be also "recommended by the preparing institution in which the graduate program was completed." *Id.* The applicant must present evidence of satisfactory achievement on assessments prescribed by the Department. 22 Pa. Code § 49.121(c).

By notice dated January 12, 2003, the Bureau denied Davenport's application. The Bureau found that Davenport had only one year of certificated professional school experience in Virginia. The Bureau also found that Davenport received an emergency permit as principal of the charter school beginning August 1, 2002. The Bureau found that Davenport had "no experience for the charter school under a certificate and the experience is non-applicable previous to the emergency permit." Bureau Letter of January 13, 2003, p. 1.[1]

The Bureau conducted a further review of Davenport's application, and, by notice dated April 11, 2003, again denied the application. The Bureau determined that Davenport did not have "five years of professional experience on a state-issued certificate appropriate for the assignment." Bureau Letter of April 11, 2003, p. 1 (emphasis omitted). Davenport was advised that the Bureau would not be able to issue the administrative certificate to her until she completed an additional four years of certificated experience.

Davenport appealed the Bureau's determination and a hearing was held before the Certification Appeal Committee. Following the hearing, the committee issued a recommendation to deny the appeal. By letter dated August 27, 2003, the Secretary affirmed the Bureau's decision and denied Davenport's appeal. The Secretary concluded that Davenport did not have the experience required for the certificate she requested. Davenport now appeals to this Court.[2]

On appeal, Davenport argues that the Secretary erred in adding an additional undisclosed requirement to the certification process for secondary school principal. Davenport contends that under 22 Pa.Code § 49.121(a), there is no requirement that professional school experience be earned under a "state-issued certificate."

■ The term "professional duties" is defined in 22 Pa.Code § 49.1 as "[a] duty the performance of which is restricted to professional personnel by the scope of their certificate." The term "professional

---

1. The Bureau found that Davenport had completed an approved graduate program which prepared her for the responsibilities of principal and that she had met the assessment requirement.

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Gow v. Department of Education,* 763 A.2d 528 (Pa.Cmwlth.2000), *petition for allowance of appeal denied,* 566 Pa. 651, 781 A.2d 149 (2001).

employe" is defined in Section 1101 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. § 11–1101, to include "those who are certificated" as teachers, supervisors, and principals. Possession of a certificate is "by statute, fundamental to classification as a professional employee." *Occhipinti v. Board of School Directors of Old Forge School District,* 76 Pa.Cmwlth. 516, 464 A.2d 631, 632 (1983).

The regulations at 22 Pa.Code § 49.13 authorize the Department to issue "administrative agency interpretative policies and directives relating to professional certification and staffing in the school of this Commonwealth as may be necessary to carry out the intent of this chapter." The Department issues written policy and guideline statements, known as "Professional Personnel Certification and Staffing Policies and Guidelines," commonly referred to as CSPGs, to clarify the Department's position and give advice on a variety of certification and staffing issues. In January 1987, the Department issued CSPG No. 9, "Experience Requirements for Initial Supervisory and Administrative Certificates and Letters of Eligibility." Pursuant to CSPG No. 9, the Bureau has the sole responsibility to determine whether the applicant for an administrative certificate meets the experience requirements established by the guidelines contained therein.

An applicant for a certificate to serve as a principal must have five years of professional school experience. CSPG No. 9(4). An applicant for a secondary school certificate must have at least three years of professional experience on a state-issued public school certificate at the secondary or approved middle school level. CSPG

No. 9(4)(b), (2)(a). Service not applicable toward meeting certification requirements includes:

a. Positions ... which do not require a Pennsylvania certificate to qualify the incumbent in such position, are non-certificated positions. Similar service in the schools of other states, even though on a qualifying certificate of the state, is not creditable toward meeting the experience requirements for Pennsylvania certificates and letters of eligibility.

b. If a person serves in a position requiring a specific certificate, but does not hold such certification, such service is not credible toward meeting experience requirements for certificates and letters of eligibility enumerated in this CSPG.

CSPG No. 9(8).

Applying the guidelines in CSPG No. 9, the Bureau found that Davenport had only one year of creditable experience teaching Spanish in Virginia and that she could not receive credit for any of her experience at the charter school before she received an emergency permit for secondary principal.[3] The Secretary affirmed that decision, concluding that Davenport's experience did not meet the statutory and regulatory requirements for the certificate she requested. The Bureau's findings and the Secretary's decision are in accordance with statutory provisions and with the guidelines set forth in CSPG No. 9. Accordingly, the order of the Secretary is affirmed.

### ORDER

AND NOW, this 14th day of May, 2004, the order of the Secretary of Education in

---

3. An agency's interpretation of its own regulation is entitled to great deference and will not be disturbed unless it is clearly erroneous. *Watkins v. State Board of Dentistry,* 740 A.2d 760 (Pa.Cmwlth.1999). The Bureau's interpretation of CSPG No. 9 is reasonable and will not be disturbed on appeal.

the above-captioned matter is hereby affirmed.