**Dr. Shirley K. CURL, Petitioner**

v.

**SOLANCO SCHOOL DISTRICT, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 5, 2007.
Decided Nov. 15, 2007.

---

Frank P. Clark, Lemoyne, for petitioner.

Jeffrey D. Litts, Lancaster, for respondent.

BEFORE: COLINS, SMITH–RIBNER and COHN JUBELIRER, JJ.

OPINION BY Judge COLINS.

Dr. Shirley Curl filed a petition for review of an order of the Secretary of Education that had denied Dr. Curl's appeal of a decision of her former employer, the Solanco School District, and affirmed the District's dismissal of Dr. Curl from her position with the District as Director of Instructional Services. Dr. Curl held that position beginning in March 22, 1994, and until the District dismissed her in December 2003. In a memorandum opinion dated August 31, 2006, this Court concluded that the Secretary had erred in his interpretation of certain Certification and Staffing Policies and Guidelines (CSPGs), and reversed his affirmation of the District's dismissal.

The District appealed this Court's decision and our Supreme Court vacated this Court's order and remanded the matter to the Court to consider the question of the degree of deference, if any, to which the Secretary's interpretation is entitled. The Supreme Court directed us to consider this question in light of this Court's decisions in *Logsdon v. Department of Education,* 671 A.2d 302 (Pa.Cmwlth.1996) and *Davenport v. Department of Education,* 850 A.2d 802 (Pa.Cmwlth.2004). Following the Supreme Court's remand order, this Court directed the parties to submit supplemental briefs on the question of the level of deference this Court should provide to the Secretary's interpretation. Accordingly, this Court will proceed to address anew

Dr. Curl's petition for review.[1]

To briefly summarize the Secretary's decision, we note initially that Dr. Curl holds a Letter of Eligibility for Superintendent or Assistant Superintendent. The District had employed Dr. Curl in the locally-titled position of Director of Instructional Services. The Department notified the District that it should review Dr. Curl's certification. After receiving that notice, the District requested an advisory opinion from the Department. An employee of the Department's Bureau of Teacher Certification and Preparation responded to that request by a letter indicating that Dr. Curl required special education certification in order to serve as the District's Director of Instructional Services. Ultimately, the District dismissed Dr. Curl on that basis. Dr. Curl appealed to this Court, which initially remanded the matter to the Department on procedural grounds, and then subsequently rendered the above-noted decision.

Before the Secretary, Dr. Curl asserted that her position encompassed more than simply the supervision of the District's special education program. The Secretary rendered factual findings and agreed with the District's view that Dr. Curl's position was properly categorized as Supervisor of Special Education. The Secretary then opined that the position of Supervisor of Special Education required certification in special education, concluding that the position related to a single-instructional area under CSPG 40. With this background in mind we will proceed to address the question of the degree of deference we must provide to the Secretary's interpretation of the CSPGs.

In briefing this question, Dr. Curl has expanded her previous discussion to in-clude analysis of the legal import of CSPGs. Briefly stated, Dr. Curl argues that the Secretary's interpretation of the pertinent CSPGs is entitled to no deference because the Department has not promulgated them as regulations in accordance with the Act commonly referred to as the Commonwealth Documents Law (CDL), Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–160; nor, are they valid legislative or interpretive rules because they were not published in accordance with the CDL and they do not track specific and clear statutory or regulatory language. The District asserts the Court should elect not to consider this proffered analysis, arguing that Dr. Curl has attempted to raise a new issue, which the Court should regard as waived.

We agree with the District that these assertions constitute an attempt to raise new issues. In essence, the issue Dr. Curl appears to raise concerns whether the CSPGs constitute valid rulemaking. As suggested above, the sole issue pertaining to the CSPGs Dr. Curl raised in her initial brief was whether the Secretary interpreted the CSPGs erroneously. She never sought to challenge the Secretary's use of the CSPGs. Following the Supreme Court's direction, we believe our review is limited to a consideration of whether the Secretary rendered a reasonable interpretation of the CSPGs. *Davenport.*

In *Logsdon,* this Court considered a challenge to a decision of the Secretary who held that a provisionally certified teacher had to pass state teaching examinations required by new regulations before he could obtain his permanent Vocational Instructor II certificate. In addition to

---

**1.** This Court's standard of review of a decision of the Secretary of Education is limited to determination of whether substantial evi-dence supports necessary factual findings, and whether an error of law or constitutional violation was committed. 2 Pa.C.S. § 704.

recognizing the deference Courts give to an agency's broad discretionary power to establish rules and regulations, this Court also noted that 1 Pa.Code § 1.4 provides agencies with the power to issue guidelines interpreting regulations and announcing policies the agency intends to implement. The Court pointed out that the Department of Education had issued a CSPG six months before the effective date of new regulations requiring additional testing. The CSPG included a statement indicating that applicants would have to pass certain basic tests in order to obtain certification. The Court concluded that the Secretary had not issued an unreasonable interpretation of the CSPG, by concluding that it required Lodgson to take and pass the additional tests, based upon the fact that he had not completed his application for the certificate until after the date of the new regulations.

In *Davenport*, the Court affirmed an order of the Secretary who had upheld a decision of the Department's Bureau of Teacher Certification and Preparation denying an applicant's request for an administrative certificate as a secondary principal. In reviewing Davenport's application the Bureau noted that she had three years of experience as a principal of a charter school in Philadelphia and two years experience as a Spanish teacher in Virginia. However, the Bureau determined that Davenport had only one year of certified professional experience while teaching in Virginia and that she worked as a principal upon receiving an emergency permit rather than under a professional certificate. Because Davenport did not perform under a state-issued certificate, the Bureau concluded that Davenport had failed to satisfy the requirement that applicants have five years of professional experience.

Davenport argued to this Court that the applicable regulation found at 22 Pa.Code § 49.121(a) included no requirement that an applicant must have experience working under a state-issued certificate. This Court referred to other regulations that defined the terms "professional duties" and "professional employe" as persons who have professional certification. Further, the Court noted, "the regulations at 22 Pa.Code § 49.13 authorize the Department to 'issue administrative agency interpretive policies and directives relating to professional certification and staffing in the schools of this Commonwealth as may be necessary....'" Citing CSPG No. 9(4) and 9(2)(a), the Court noted that applicants for secondary school certificates must have at least three years of certified professional experience at the secondary or approved middle school level and also that uncertified service at such levels is not credible toward the requirements.

In considering the reasonableness of the Secretary's interpretation, we begin by quoting CSPG 46, which relates to Letters of Eligibility, and provides as follows:

### Letters of Eligibility

1. The Letter of Eligibility qualifies the holder for election to a position requiring a commission issued by the Secretary of Education.

2. Letters of Eligibility are issued for the following:

. District Superintendent

. Assistant District Superintendent

. Intermediate Unit Executive Directive

. Intermediate Unit Assistant Executive Director

. . . .

7. A person holding a District Superintendent or Assistant District Superintendent Letter of Eligibility is qualified to serve as a Superintendent of Curriculum and Instruction, Supervisor of Pupil

Personnel Services, Elementary School Principal, approved Middle School Principal or Secondary School Principal.

■ Also pertinent to our discussion is CSPG 40, which creates distinctions in supervisory certification depending upon whether a position relates to a single instructional area or to a "comprehensive" area. CSPG 40 describes comprehensive certificates as being "[i]ssued for supervision across instructional or integrated pupil personnel services areas, for example: Supervisor of Curriculum and Instruction, Supervisor of Pupil Personnel Services." Such comprehensive supervisory certificates do "not qualify the holder for assignment as a supervisor of single instruction area for which he/she does not hold such single-area Supervisory certificate." CSPG 40, para. 3. As noted above, the Secretary held that special education constituted a single instruction area and that, therefore, Dr. Curl needed to have a single-subject supervisory certificate in the area of special education in order to maintain her position as a supervisor of special education.

Dr. Curl argues that the Secretary erred in concluding that her Letter of Eligibility limited her to the specific positions listed in CSPG 46. Rather, Dr. Curl contends, the Letter of Eligibility qualified her for positions that fell below those listed in CSPG 46 in the hierarchical scheme of District positions. Further, Dr. Curl asserts that there is no support for the Secretary's conclusion that the supervisor of special education position is not a comprehensive area, and thus, as the holder of a District Superintendent or Assistant District Superintendent Letter of Eligibilty, CSPG 46 also entitled Dr. Curl to hold the position of supervisor of special education.

CSPG 50, which relates to special education certification, provides that

"[s]ince Special Education is an Instructional Certification area, school entities are encouraged to assign this **responsibility** to a Supervisor of Curriculum and Instruction rather than to a Supervisor of Pupil Services ... When the Supervisor of Pupil Services is assigned responsibility for a Special Education program, specifically developing special education curriculum and evaluating and supervising special education staff and instruction, the person must hold the Supervisor of Special Education Certificate also."

(Emphasis added.)

This CSPG allows Supervisors of Curriculum and Instruction to be **responsible** for special education programs without a Special Education Certificate, but requires persons who are Supervisors of Pupil Personnel Services to hold Special Education Certificates in order to be responsible for Special Education programs. Although Dr. Curl was not the Supervisor of Curriculum and Instruction, her Letter of Eligibility gave her the qualifications to serve as a Supervisor of Curriculum and Instruction. CSPG 46. Therefore, Dr. Curl, as someone capable of holding such position, would also be able to be **responsible** for the Special Education program. In this sense, Dr. Curl contends, the Secretary's interpretation is unreasonable.

CSPG 40 clearly does delineate the two types of supervisory certificates. The description in that CSPG of a supervisory certificate provides that those certificates are "[i]ssued for supervision at grade levels K–12 within the specified instructional or educational service area of the supervisory certificate, for example: Supervisor of Mathematics; Supervisor of Reading." Thus, if special education is tantamount to a single instructional area, then the Secretary's interpretation of this CSPG, applicable at the time of Solanco's termination of

Dr. Curl, to require that she possess such certification, was not unreasonable. In resolving the question of whether the Secretary's view that special education is a single instruction area, we turn to CSPG 50, and address Dr. Curl's reliance on that guideline.

In response to Dr. Curl's argument, the District suggests that CSPG 50 means that a Supervisor of Curriculum and Instruction may oversee a special education program only if those responsibilities fall to such a Supervisor by virtue of that person's responsibility **as a Supervisor of Curriculum and Instruction** to supervise a district-wide instructional program, i.e., a position not limited to special education oversight.

Additionally, we note that there is an ambiguity in that CSPG 50 does not state that a Superintendent of Curriculum and Instruction can **serve** as a supervisor of special education but only be **responsible** for special education. Notwithstanding that ambiguity, CSPG 50 includes additional language that supports the Secretary's interpretation. In particular, CSPG 50, as indicated in the above-quoted passage, states that "Special Education is an Instructional Certification area."

For this reason, we cannot say that the Secretary's view of CSPG 50 presents an unreasonable explanation of interplay between the CSPGs in light of the express description of special education as a discrete instructional certification area. That language implicates CSPG 40's distinction between comprehensive and single instruction areas.

Although another interpretation of the guidelines might support an alternative result, this Court cannot conclude that the Secretary's interpretation was unreasonable. Accordingly, we will affirm the Secretary's decision upholding the District's dismissal of Dr. Curl.

### ORDER

AND NOW, this 15th day of November 2007, the order of the Secretary of Education in the above-captioned matter is affirmed.