# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph P. Moffitt,                :
         Petitioner           :
                               :
        v.                   : No. 258 M.D. 2017
                               : Argued: June 7, 2018
                               :
Tunkhannock Area School District   :
and the Tunkhannock Area School    :
District Board of School Directors,   :
          Respondents       :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED: August 13, 2018**

Before this Court is the Petition for Review filed by Joseph P. Moffitt (Moffitt) from the May 9, 2017 order of the Pennsylvania Secretary of Education (Secretary) denying his appeal from the decision of the Tunkhannock Area School District (School District) and the Tunkhannock Area School District Board of School Directors (Board) (collectively, the Appellees) to terminate his employment.[1] Moffitt was an employee of the School District when he was arrested in June 2010 for driving under the influence (DUI); his criminal charge was resolved via entry into an accelerated rehabilitative disposition program in Wyoming County.

---

[1] Moffitt filed his Petition for Review in both this Court's original and appellate jurisdiction. Appellees filed preliminary objections, seeking dismissal only of the original jurisdiction counts. Appellees argued that this Court lacked jurisdiction over Moffitt's original jurisdiction claims - seeking declaratory relief, mandamus, and injunctive relief – because such action would not involve any Commonwealth respondents. *See* Section 761(a)(1) of the Judicial Code, 42 Pa. C.S. § 761(a)(1). By order dated August 29, 2017, this Court sustained the preliminary objections and dismissed the first three counts of Moffitt's Petition for Review.

(Reproduced Record (R.R.) at 249a-251a.) In April 2014, Moffitt was arrested again for DUI and pled guilty in October 2015; in addition to the suspension of his driver's license for twelve months, he received 90 days of house arrest, fines, and probation for a maximum of five years. (R.R. at 252a-258a.) At the time he committed both offenses, Moffitt served as the principal of two elementary schools, Evans Falls Elementary School and the Mill City Elementary School, located seven miles apart. (Opinion and Order of Secretary, Findings of Fact (F.F.) ¶ 2, R.R. at 434a-435a.) On February 11, 2016, the School District afforded Moffitt a pre-disciplinary hearing, at which he was represented by counsel; the hearing was conducted by the Acting School District Superintendent. (*Id.*, F.F. ¶¶ 9-10, R.R. at 435a-436a.) By letter dated March 11, 2016, the Board: (a) notified Moffitt that the School District had recommended his dismissal from employment; (b) provided Moffitt with a written statement of the charges that served as the basis of the recommended dismissal; and (c) advised Moffitt that an evidentiary hearing would be held to determine whether he would be dismissed. (R.R. at 5a.) Moffitt was suspended without pay as of March 14, 2016 pending official action by the School Board.

Evidentiary hearings took place before the Board on May 26 and June 9, 2016. (May 26, 2016 Hearing Transcript, R.R. at 9a-26a; June 9, 2016 Hearing Transcript, R.R. at 27a-184a.) Additional testimony was taken via depositions in July 2016. (Deposition Transcripts, R.R. at 211a-247a.) During the evidentiary hearings and via deposition, a number of witnesses testified in support of the School District's position including the Acting Superintendent, who testified that he believed the two DUI offenses caused irreparable damage to Moffitt's reputation and ability to lead the two schools; that his behavior was contrary to the School District's attempts to discourage students from drinking and driving; and that allowing him to return to his position would send mixed messages to School District students. (June

9, 2016 Hearing Transcript, R.R. at 49a-86a.) It was stipulated that the Assistant Superintendent and the newly-appointed Superintendent would provide substantially similar testimony to that of the Acting Superintendent. (*Id*., R.R. at 84a-86a.) A School District teacher and resident testified that she believed Moffitt's two DUI offenses constituted immorality, and expressed her thoughts concerning the bad example his conduct has set for students. (*Id*., R.R. at 86a-107a.) The former Educational Services Program Director for the School District, now serving as acting principal of the two elementary schools where Moffitt had been principal, testified that as a School District educator and resident, she believed Moffitt's actions constituted immorality because they set a bad example for School District students and he could not serve as an effective role model. (*Id*., R.R. at 108a-131a.) A School District parent testified that Moffitt's actions constituted immorality because they set a bad example for students regarding responsibility, character and integrity. (*Id*., R.R. at 131a-145a.) A School District middle school principal testified that anyone who has had two DUIs in a principal position could not be a good role model. (Deposition Transcripts, R.R. at 211a-230a.) Another School District parent testified by deposition that Moffitt's actions were unacceptable and rendered him unable to be a good role model – and that his actions went beyond impacting the children and their future choices, and impacted the morale of the school. (*Id*., R.R. at 236a-247a.)

The Board voted at its September 8, 2016 public meeting to dismiss Moffitt from School District employment, and so notified him by letter dated September 12, 2016. By letter dated September 27, 2016, the Board's hearing officer forwarded Moffitt an Adjudication that provided factual analysis, discussion of legal issues, and reasons for the termination decision. (Adjudication, R.R. at 329a-340a.) On October 11, 2016, Moffitt appealed the School Board's Adjudication to the

3

Secretary and on December 16, 2016, a hearing was held before a Hearing Officer appointed by the Secretary. On May 9, 2017, the Secretary issued an order denying Moffitt's appeal and affirming the decision of the School District to terminate his employment. (Order, R.R. at 446a.) The Secretary found that the School District had established grounds for termination by a preponderance of the evidence, stating:

> A tenured professional employee, such as [Moffitt], may only be dismissed for the reasons set forth in Section 1122 of the Public School Code.[2] *Foderaro v. School District of Philadelphia*, 531 A.2d 570, 571 (Pa. Cmwlth. 1987). Section 1122 of the School Code provides in pertinent part:
>
> > [t]he only valid causes for termination of a contract heretofore or hereafter entered into with a professional employee shall be immorality; incompetency…; intemperance; cruelty; persistent negligence in the performance of duties…persistent and willful violation of or failure to comply with school laws of this Commonwealth (including official directives and established policy of the board of directors); on the part of the professional employee[.] 24 P.S. §§ 11-1122.
>
> Pursuant to Section 1122 of the School Code, [Moffitt] was charged with immorality due to his two, recent DUI offenses, which occurred in 2010 and 2014, respectively.

(Secretary's Opinion, R.R. at 441a-442a.) The Secretary noted the unrebutted testimony provided by eight witnesses, all of whose testimony he found credible, and each of whom supported the conclusion that Moffitt's two DUI offenses offended the morals of the community and set a bad example to the youth whose

---

[2] Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 11-1122(a).

ideals he was supposed to foster and elevate; the Secretary further noted that Moffitt presented no competent, credible evidence to rebut the School District's presentation, over the course of several days, notwithstanding the fact that he had numerous opportunities to do so. (*Id.*, R.R. at 442a-443a.)

Before this Court,[3] Moffitt contends that the Secretary erred because there was insubstantial evidence to support the necessary factual findings. We do not agree. Section 1122(a) of the School Code states that a professional employee may only be dismissed for the reasons set forth therein. 24 P.S. § 11-1122(a). This statutory section provides that a professional employee may be terminated, among other reasons, for "immorality." *Id.* Although not defined in the School Code, the Pennsylvania Supreme Court has defined "immorality" as "a course of conduct that offends the morals of a community and is a bad example to the youth whose ideals a professional educator is supposed to foster and elevate." *Horoski v. School District of Mount Pleasant Township*, 6 A.2d 866, 868 (Pa. 1939); *Dohanic v. Department of Education*, 533 A.2d 812, 814 (Pa. Cmwlth. 1987). This Court has established that the involved school district bears the burden of establishing the following criteria in employment matters alleging immorality: (1) the conduct actually occurred; (2) the conduct offends the morals of the community; and (3) the conduct is a bad example to the youth whose ideals the educator is supposed to foster and

---

[3] This Court's standard of review of a decision of the Secretary of Education is limited to the determination of whether substantial evidence supports necessary factual findings, and whether an error of law or constitutional violation was committed. *Curl v. Solanco School District*, 936 A.2d 183, 185 n.1 (Pa. Cmwlth. 2007). The Secretary conducts a *de novo* review and makes the determination whether the teacher's conduct offends the moral standards of the community, but this is a legal determination and will only be sustained if it is legally correct and supported by substantial evidence. *Kinniry v. Abington School District*, 673 A.2d 429, 432 (Pa. Cmwlth. 1996).

5

elevate.  *Kinniry v. Abington School District*, 673 A.2d 429, 432 (Pa. Cmwlth. 1996). We find that the Secretary had substantial evidence to support each of the criteria.

Here, there is no dispute that the conduct occurred; Moffitt argues only that the Secretary lacked substantial evidence that such conduct offended the morals of the community.  He contends that the majority of the witnesses' testimony received focused not on whether his conduct offended the morals of the community and served as a bad example to youth, but rather on whether the loss of his driver's license created an impossibility of completing his job functions.  However, the lengthy hearing testimony and depositions of the witnesses contained in the record clearly demonstrate otherwise.  The question of whether Moffitt's course of conduct, with a second DUI offense, was tantamount to immorality is a difficult one; the Secretary did not find, as this Court did in another school district employee termination matter, that his conduct amounted to a *per se* justification for dismissal in all cases involving similar misconduct.  In *Zelno v. Lincoln Intermediate Unit No. 12 Board of Directors*, 786 A.2d 1022 (Pa. Cmwlth. 2001), where a teacher's conduct resulted in three drunken driving convictions and two additional convictions for driving without a license, we opined that a third DUI indicated "not a single act of misjudgment, but rather a pattern of conduct that is not only damaging to [the teacher], but also puts the public in serious danger."  786 A.2d at 1025.  In *Zelno*, we considered both the teacher's pattern of conduct and the testimony of five members of the community within the jurisdiction of the school district, each of whom stated that her conduct offended the morals of the community and set a bad example for her students; as in the matter *sub judice*, the teacher failed to put forward any witnesses of her own to rebut this position.

In a case involving the dismissal of a professional employee of a school district, the Secretary is the ultimate factfinder with the power to determine the

6

credibility of witnesses, the weight to be accorded the evidence, and the inferences to be drawn therefrom. *Williams v. Joint Operating Committee of the Clearfield County Vocational-Technical School*, 824 A.2d 1233, 1237 (Pa. Cmwlth. 2003). Here, the Secretary found that Moffitt's conduct offended the morals of the community and was a bad example to youth based on the testimony of community parents and teachers. We are constrained to find that in these circumstances, given the weight of evidence presented by parents and teachers in the community that Moffitt's conduct involving drinking and driving set a bad example for students and was offensive to the morals of their community, the Secretary's decision to dismiss Moffitt for immorality under the School Code must be affirmed.

Further, we find no merit in Moffitt's additional arguments that the School District's actions were an unlawful retaliation for Moffitt's actions in bringing an unrelated federal civil rights lawsuit against it; that the School District violated the Americans with Disabilities Act[4] by terminating him with knowledge that he was in treatment for the disease of alcoholism; that the decision to terminate his employment is contrary to past practice by the Commonwealth's Professional Standards and Practices Commission (PSPC) (wherein Moffitt's certification as teacher was not revoked in the course of the disciplinary process as a result of his second DUI offense, and he received a public reprimand); that his conduct did not violate any of the serious offenses set forth in the Code of Professional Practice and Conduct for Educators; and that he was not intoxicated during school hours or operating a School District vehicle while under the influence of alcohol.[5] We find

---

[4] Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213.

[5] Moffitt also challenges the constitutionality of his *Loudermill* hearing. Under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), a public employee has a property interest in his employment and must be afforded, by virtue of the due process clause, at least notice and a pre-termination hearing. We reject this argument; it is clear from the record that the pre-disciplinary

7

no basis in the record to conclude that Moffitt's employment was terminated for any other reason than that enunciated by the School Board and the Secretary, nor is there evidence that he was discriminated against due to his alcoholism or the fact that he engaged the School District in unrelated litigation. It is equally clear that the PSPC's process in Moffitt's certification matter, involving different record evidence and entirely different legal standards is simply not relevant here, where the sole question is whether the School District has established grounds for its employment termination action and whether the Secretary's decision was proper and should be upheld. Accordingly, the decision of the Secretary denying Moffitt's appeal from his dismissal for immorality under the School Code is affirmed.

**JAMES GARDNER COLINS, Senior Judge**

---

process provided him with notice of his alleged misconduct and the opportunity to present his side of the story, and no violation of his due process rights occurred.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Joseph P. Moffitt,<br>          Petitioner | :<br>:<br>: |
| v. | : No. 258 M.D. 2017 |
| | : |
| Tunkhannock Area School District<br>and the Tunkhannock Area School<br>District Board of School Directors,<br>          Respondents | :<br>:<br>:<br>: |

## ORDER

AND NOW, this 13th day of August, 2018, the Order of the Secretary of Education, of the Department of Education dated May 9, 2017, at TTA No. 03-16, is AFFIRMED.

**JAMES GARDNER COLINS, Senior Judge**