NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3215
_____

JOSEPH P. MOFFITT,
                                        Appellant

v.

PHILLIP FARR; WILLIAM WEIDNER; JOHN M. BURKE; FRANK P. GALICKI;
WILLIAM PREBOLA; HOLLY ARNOLD; ROBERT J. PARRY, III;
WILLIAM SWILLEY
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00899)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2021

Before: AMBRO, JORDAN, and BIBAS, Circuit Judges

(Opinion filed: August 3, 2021)
_____

OPINION*
_____

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Joseph P. Moffitt was an elementary school principal with the Tunkhannock Area School District. In September 2016 the School District fired him for two driving-under-the-influence incidents. After losing his appeals with the Pennsylvania Secretary of Education and the Commonwealth Court of Pennsylvania, Moffitt filed this federal lawsuit claiming violations of his constitutional rights. Because the issues he raises were already decided by a state court and are thus barred by the issue preclusion doctrine, we affirm the District Court's dismissal of his complaint.

I.

Moffitt received several hearings before his termination. First, the School District held a pre-disciplinary hearing where he was represented by counsel. *Moffitt v. Tunkhannock Area Sch. Dist.*, 192 A.3d 1214, 1215 (Pa. Commw. Ct. 2018). After the School District recommended Moffitt's dismissal, its Board of School Directors (the "Board") held two evidentiary hearings where several witnesses testified in support of the District. *Id.* at 1215–16; *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985) (holding public employees are entitled to notice and an opportunity to respond before termination). The Board then voted to terminate Moffitt's employment. *Moffit*, 192 A.3d at 1216. On appeal, Moffitt fared no better. Pennsylvania's Secretary of Education affirmed his termination, and the Commonwealth Court of Pennsylvania affirmed the Secretary's decision. *Id.* at 1216–17, 1219.

Moffitt filed suit in federal court against the School District, the Board, and members of the Board in their individual and official capacities. The District Court dismissed most of the first complaint with prejudice, holding that the claims against the

2

District, the Board, and individual defendants in their official capacities were barred by the claim preclusion doctrine. However, the Court allowed Moffitt to amend his complaint against Board member defendants in their individual capacities. The amended complaint asserts four separate counts—two counts alleging violations of Moffitt's due process and equal protection rights, one count for First Amendment retaliation, and one count for wrongful suspension and termination under state law. Concluding the issue preclusion doctrine bars Moffitt's amended complaint, the District Court dismissed it. Moffitt appeals to us.[1]

II.[2]

To determine the preclusive effect of a prior Pennsylvania case, we apply the same preclusion test that a Commonwealth court would apply. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). Pennsylvania follows well-settled elements for applying the issue preclusion doctrine (also known as collateral estoppel), which bars re-litigation of an issue from a previous action if:

---

[1] Moffitt challenges only the District Court's order dismissing his amended complaint and does not challenge any aspect of the District Court's decision as to his initial complaint. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (concluding that arguments not raised in the appellants' opening brief were forfeited).

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. The parties agree we exercise plenary review over the District Court's dismissal of Moffitt's amended complaint based on issue preclusion. However, where a "nonparty to a previous proceeding has asserted issue preclusion against a defendant," we review the District Court's decision for abuse of discretion. *See Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006). As the parties did not brief this issue, we assume without deciding the standard of review is a fresh look. We affirm the District Court's decision under either standard of review.

3

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

*Skotnicki v. Ins. Dep't*, 175 A.3d 239, 247 (Pa. 2017).

Here, we agree with the District Court that all the requirements for applying issue preclusion are met. Each issue raised in Moffitt's amended complaint was resolved by the Pennsylvania court. *See Moffitt*, 192 A.3d at 1218 n.5 ("[N]o violation of his due process rights occurred."); *id.* at 1218 ("[W]e find no merit in Moffitt's additional arguments that the School District's actions were an unlawful retaliation . . . ."); *id.* ("We find no basis in the record to conclude that Moffitt's employment was terminated for any other reason than that enunciated by the School Board . . . , nor is there evidence that he was discriminated against due to his alcoholism . . . ."). And, as the District Court explained, all the other conditions are clearly met as well. *See* App. at 11a, Dist. Ct. Op. at 8.

Moffitt argues that issue preclusion is inappropriate because he was required to exhaust his state administrative remedies before filing a federal action. We disagree, as he could have told the Commonwealth court he wanted to reserve litigation of his federal claims, but he did not. *See England v. La. State Bd. of Med. Exam'rs*, 375 U.S. 411, 419 (1964) ("[W]e see no reason why a party, after unreservedly litigating his federal claims in the state courts[,] although not required to do so, should be allowed to ignore the adverse state decision and start all over again in the District Court.").

4

Moffitt also argues that the District Court should have converted the Appellees' motion to dismiss into a motion for summary judgment. We see no indication that the Court abused its discretion by declining to convert. *See Kulwicki v. Dawson*, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992). It based its decision on the issue preclusion doctrine and did not consider any facts introduced by the Appellees in their motion to dismiss. *See* App. at 8a, Dist. Ct. Op. at 5.

\*   \*   \*   \*   \*

For the foregoing reasons, we affirm the District Court's dismissal of Moffitt's amended complaint.